TARVER *vs.* THE COMM'RS' CT. OF TALLAPOOSA.

1. A mandamus will be granted, whenever a clear legal right is shown, and there is no other legal remedy to enforce it.

2. Where by an act of the Legislature it is made lawful for the commissioners' court of roads and revenue to impose such tax, in addition to that levied for county purposes, as may be necessary to pay such sum of money as commissioners appointed to contract for the erection of county buildings had, in the discharge of that duty, rendered themselves liable to pay, the latter have a legal right to require said court to levy and collect a tax sufficient to discharge any liability that they may have thus incurred. The words "it shall be lawful," when used in a statute, are peremptory, in those cases in which the public or individuals have a right, *de jure,* that the powers confered shall be exercised.

3. A mandamus is the only legal remedy by which the commissioners' court of roads and revenue can be compelled to levy and collect a tax in their county.

Error to the Circuit Court of Tallapoosa. Tried before the Hon. John J. Woodward.

The plaintiff in error filed his petition in the Circuit Court of Tallapoosa, praying a mandamus against the commissioners' court of roads and revenue of Tallapoosa county, to compel them to levy, collect and appropriate a sum sufficient to pay a debt, contracted by the plaintiff as a commissioner, in building a court-house and jail for the county. The petition alleges that the plaintiff with other commissioners, one of whom is since dead, in the year 1837 contracted with Cameron and Mitchell to build for said county a court-house and jail for the sum of eighteen thousand dollars; that under said contract Cameron and Mitchell erected the buildings, and that the commissioners paid off all said debt except one note of $3,500, which was executed by the plaintiff and other commissioners authorised to contract for the erection of the building; that believing the work was not done according to contract, they refused to pay this note, and Mitchell having died, Cameron as surviving partner brought suit on the note against the petitioner and the other commissioners, and recovered a judgment at the spring term 1845 for twenty-five hundred dollars, besides cost of suit; that at the rendition of said judgment all the commissioners then in

life, except the petitioner, had left the State; and that execution had been issued on the judgment and levied on the property of the petitioner alone. The petitioner further alleges that he has paid several sums out of his own funds upon this judgment, but that there is still a balance due and unpaid upon it. It is also stated that in 1846, on the application of the petitioner, an order was made by the commissioners' court levying one hundred per cent. on the State tax for the year 1846, which order provided that twenty-two per cent. of this sum should be paid on said judgment, which was afterwards done, and amounted to the sum of $702 35; that under a subsequent order the sum of $92 20 was paid to the sheriff in part satisfaction of said judgment; and that under another order the sum of $163 was directed to be paid by the commissioners' court out of the sale of the town lots, which said court declares to be all that is due the said court-house commissioners. The petition also alleges that there is still due and unpaid on said judgment the sum of $906, besides various sums of money advanced by the petitioner necessarily for the county in erecting the buildings, defending the suit, &c., and which amount in the aggregate to four thousand dollars. The petitioner also states that in all these matters he acted in his official capacity, and on account of the public interest of the county; that he has appropriated all the funds belonging to the public that have been received by him for the purpose of erecting said buildings, and that said buildings have been received and used by the county for six or eight years. The petitioner further states that he has applied to the commissioners' court to levy a tax, and appropriate such sum as is due to the payment of said judgment and the sums advanced by the petitioner out of his own funds in defending the suit, which they have refused to do, alleging that the other commissioners have funds belonging to the county sufficient to satisfy the same, which is denied by the petitioner; but at the same time he avers that if it should appear that any of the court-house commissioners have received monies for which they have not accounted, that the petitioner is in no way liable for it, nor does it constitute a ground why the court should not pass the order prayed for.

A rule *nisi* was granted against the commissioners' court, who afterwards appeared by attorney and demurred to the petition, alleging that the facts stated in it did not entitle the plaintiff to

the writ. The court sustained the demurrer and dismissed the petition.

FAULKNER, for the plaintiff:

The law made it the duty of the commissioners' court to make the levy and appropriation prayed for in this case, and the law leaves them no discretion.—See Exparte Simonton et al., 9 Porter 390, and authorities cited in that case; also 5 Johns. Ch. 113; The People ex rel. Case et al. v. Collins et al., 19 Wend. 56; The State v. Mayhew, 2 Gill's Rep. 487; The People v. Supervisors of Columbia, 10 Wend. 363. The amount due is fixed by the judgment in the Circuit Court and the affidavit, all which is admitted by the demurrer, and none of the legislation gives the court-house commissioners any remedy by which to enforce the performance of the duty by the commissioners' court. Mandamus is therefore the only remedy. See Cuthbert et al. v. Lewis, 6 Ala. 262, and the authorities there cited.—McCulloch v. Mayor of Brooklyn, 23 Wend. 458; Judges of Oneida C. P. v. The People, 18 Wend. 79.

The expenses were incurred for the benefit of the county. The court-house and jail have for a number of years been used for public purposes. The expense of attorneys' fees in defending the suit was a matter which was incurred in good faith and was sanctioned by the people of the county. The county is therefore compelled to pay the amount yet due on the judgment, and also to reimburse plaintiff in the amount paid out by him.—See Bright v. Supervisors of Chenango, 18 Johns. 241; also Hall v. The Supervisors of Oneida, 19 ib. 259.

LEFTWICH, for the defendants:

Where a discretion is vested in an inferior jurisdiction, and that discretion has been exercised, a mandamus will not be granted, because the court cannot control and ought not to coerce that discretion.—3 Binney, 273; 5 ib. 103; 1 Sergeant & Rawle 187; 5 Halstead 58; 2 Bibb, 573; 2 Pickering, 244½; 2 Dallas, 42; 9 Peters, 602; 12 Johns. 416; 1 Cowen, 423; 6 ib. 392; 7 ib. 373; 19 Johns. 259; 18 Wend. 79, (overruling the case in 5th Wend. 114, and 10th ib. 363, and all other cases conflicting with the above principle,)—4th Term Rep. 448; 7 East. 92; Chitty R. 34; 2 ib. 250; 4 Barn. & Alderson, 300— see 19th and 23d Wend. cited by counsel opposed.

Tarver v. The Comm'rs' Court of Tallapoosa.

Relator must show a legal right to recover.—7 Term Rep. 48 ; Ib. 543; 3 Barn. & Ald. 220. There is no averment of a legal right to recover. It is only by inference that such a conclusion can be arrived at, and such an intendment ought not to be made. The application ought to show how the act creating commissioners provided for the payment for building the courthouse and jail. Perhaps some special appropriation or fund has been made or set apart for that purpose. It is true the relator avers that the commissioners' court *ought* to make an appropriation and that it is their *duty* to do so. But whether it be a legal or moral duty is left entirely to inference, and according to the rules of construction, that inference should be against the party pleading.

There ought to be an averment of a want of legal remedy, for if there is a legal remedy a mandamus cannot be granted ; but there is no such averment in the record, and the court cannot infer that a legal remedy is wanting.

DARGAN, C. J.—An application for a mandamus will only be granted when the petitioner shows a clear legal right and there is no other legal remedy to enforce it.—*Exparte* Jones, 1 Ala. 15, and cases there cited ; Cuthbert et al. v. Lewis, 6 Ala. 262 ; Spence v. Terry, 13 Ala. 805. We have therefore only to enquire whether the petitioner has shown a specific legal right and whether the law has provided any other remedy to enforce it. If the right is shown and there is no other remedy, the writ ought to be granted.

By the act of the 12th of January 1833, commissioners were appointed for the county of Tallapoosa with power to contract for and recieve in behalf of the county one hundred and sixty acres of land for the purpose of erecting public buildings for the use of the county. They were authorised to contract for the building of a court-house and county jail, and were required to superintend the work ; and the commissioners' court were required to levy a tax to pay the expenses of the buildings, if the proceeds of the sales of lots, that the commissioners were authorised and required to sell, were insufficient for that purpose. By the act of the 14th of January 1834, other commissioners were appointed, with the same powers. By the act of 1841, other commissioners were appointed, amongst whom was

the petitioner, and from the preamble of the act it appears that these commissioners had in 1837 without authority proceeded to perform the duties required by law of the commissioners before that time appointed. But this act confirms all they had done and invests them with the same powers that had been given to those previously appointed. It also authorised them to collect and recieve all monies due for town lots and to apply the same to the erection of the court-house and jail, allowing them compensation for their services. By an act passed the 13th February 1843, it is enacted, "That it shall be lawful for the commissioners' court of roads and revenue of the county of Tallapoosa to impose such tax in addition to the tax levied for county purposes, as may be necessary to pay any amount of money that the court-house commissioners of said county may be liable to pay for building the court-house and jail. Under the authority of these several acts, the petitioner with the other commissioners contracted with Cameron & Mitchell for the erection of the county buildings, agreeing to pay them $18,000. The buildings were completed and were recieved and used by the county. The petitioners paid from the proceeds of the sale of the lots the amount agreed on, less the sum of thirty-five hundred dollars. This amount they declined paying on the ground that the work was not completed according to conrtact. A suit was instituted against them and a judgment finally rendered for twenty-five hundred dollars. The commissioners' court has levied a tax and paid a part of this judgment, but refuses to pay any more or to levy a tax for that purpose. It is also shown in the petition that the plaintiff has expended his own money in the defence of the suit and superintending the work. These are the material allegations of the petition, to which there was a demurrer, which was sustained. We think it very clear that it is the duty of the commissioners' court under these facts to levy and collect a tax sufficient to pay the amount of the judgment still unpaid, as well as such amount as may be justly due to the petitioner, and that he has the legal right to demand of them the performance of this duty. It is not to be understood that the act of 1843 gives to the commissioners' court a discretion to levy a tax for this purpose or not, as they may see fit. It is true the language of the act is, that it shall be lawful for the commissioners' court to levy a tax, &c.;

but it is well settled that the word may, or the words, it shall be lawful, are peremptory when used in a statute, where the public or an individual has a right *de jure*, that the powers confered by the act should be exercised.—*Exparte* Simonton, 9 Porter, 390; 1 Ver. 152; 5 John. Ch. Rep. 113. The facts set forth in the petition, and which we are to consider as true, as they were demurred to, show that the petitioner has a legal right to require the commissioners' court to levy and collect a tax sufficient to pay the amount due on the judgment, as well as such sum as the petitioner has paid, if any, on account of his individual liability as commissioner, incurred in the discharge of his duties as such. This is his legal right, and there is no other remedy by which it can be enforced—consequently a mandamus is the proper remedy.

In the condition in which the cause is now presented to us, we cannot examine the question raised by the argument of the defendants' counsel, whether the petitioner is bound for the public money that may have come to the hands of the other commissioners and not accounted for by them? This, as well as any other questions respecting the amount due, can only be examined upon a trial of the merits. But the facts set forth in the petition entitle the plaintiff to the writ, and the court erred in sustaining the demurrer.

Let the judgment be reversed and the cause remanded.

CHILTON, J., not sitting, having been of counsel before his election to the bench.