# MARSHALL COUNTY *vs.* JACKSON COUNTY.

[ACTION AGAINST COUNTY ON CLAIM ALLOWED BY COMMISSIONERS' COURT.]

1. *Action does not lie.*—Under the provisions of the Code, (§§ 763, 775, 2141,) an action does not lie against a county, on a claim which has been allowed by the commissioners' court.

APPEAL from the Circuit Court of Marshall. Tried before the Hon. S. D. HALE.

The complaint in this case was as follows:

"The County of Jackson ⎫   The plaintiff claims of the vs.   ⎬ defendant three hundred and The County of Marshall. ⎭ fifty-eight dollars, due to plaintiff by the judgment of the commissioners' court of Marshall county, rendered at the August term, 1842, whereby a claim in favor of plaintiff, and against defendant, for said sum of three hundred and fifty-eight dollars, was allowed, and ordered to be paid; which said judgment, with interest thereon, is due and unpaid."

The defendant demurred to the complaint, "because it does not allege that the claim sued on was presented, within the time limited by section 775 of the Code, to the court of county commissioners of Marshall county, and either disallowed by that court, or reduced by it and refused by the plaintiff;" but the court overruled the demurrer. "On the trial," as the bill of exceptions states, "the plaintiff read in evidence the act of the legislature of this State, approved January 7th, 1841, entitled 'An act for the final settlement of the controversy between the counties of Marshall and Jackson, touching a certain claim of the former against the latter county;' (Session Acts 1840–1, p. 101;) and then proved, that at a regular term of the court of commissioners of roads and revenue for the county of Marshall, held in August, 1842, the following judgment or order was made by said court:

'The State of Alabama, Marshall County,   ⎫ Commissioners' Court, August term, 1842.   ⎬ Marshall County to Jackson County, .................. Dr. To balance due from said county of Jackson, as by an act of the legislature passed on the 7th January, 1841.................................................................$358

'It is ordered by the court, that the same be allowed and paid out of any moneys in the county treasury not otherwise appropriated.'

"It was further proved, that on the 16th August, 1842, a certified copy of said order or judgment was issued and delivered to the plaintiff, and was by him on that day filed, as a claim against the defendant, with the county treasurer of said defendant, who thereupon endorsed on it the following words: 'Jackson county claim vs. Marshall county, No. 441, for $358, filed 16th August, 1842;' to which said treasurer signed his name. This being all the evidence, the court charged the jury, that if they believed the said evidence, the plaintiff was entitled to recover a judgment for the debt in said paper mentioned, with interest thereon; to which charge the defendant excepted."

The overruling of the demurrer to the complaint, and the charge of the court, are assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.

WALKER & BRICKELL, *contra*.

A. J. WALKER, C. J.—Counties are by the Code made bodies corporate, with capacity to sue and be sued; but upon the liability to be sued there is this restriction, that no suit shall be brought against a county until the claim or demand has been presented, within a prescribed time, to the court of county commissioners, and has been by such court either disallowed, or reduced and refused by the party.—Code, §§ 763, 775, 2141. The statute, in language which seems incapable of being made plainer by argument or illustration, requires, as a condition precedent to the maintenance of a suit against a county, that the claim or demand shall have either been disallowed, or reduced and refused by the party. This regulation is indispensable, in order that full effect may be given to another section of the Code, which requires, that claims allowed by the court of county commissioners shall be paid in the order of their presentation.—Code, § 791. If, after the allowance of a claim, there should be a refusal to pay, the party injured by such refusal has a remedy, whether it results from the failure to levy the proper tax, or from the tortious conduct of the treasurer.—Tarver v. Comm'rs' Court, 17 Ala. 526; Code, § 795. After a claim

has been allowed by the court of county commissioners, there is no necessity for a suit against the county, and there is a manifest propriety in prohibiting suit upon it. As the restriction upon the liability of a county to be sued, so plainly declared by the statute, is consistent with the other laws relating to the same subject, and manifestly reasonable and proper, there is not the slightest occasion for departing from the literal mandate of the law. We decide, therefore, that this suit cannot be maintained upon the pleadings and facts before us.

Judgment reversed, and cause remanded.