## RANDOLPH COUNTY *vs.* HUTCHINS.

[JUDGMENT BY DEFAULT AGAINST COUNTY IN ACTION OF ASSUMPSIT.]

1. *County; may be sued in same manner as natural person.*—A county is a body corporate in this State, and it may be sued in the same manner that a natural person may be sued, by one who has claims against it, if no other provision is made for their payment.—Rev. Code, § 2558.

2. *Same.*—In such a suit, judgment by default may be taken against the county, if the suit is not defended.

3. *Same.*—A judgment, thus taken, will not be set aside on appeal to the supreme court, if it is founded on county warrants, issued for claims presented and allowed, for services rendered the county, and a stated account, when the only objection to the judgment, assigned as error, is that the complaint fails to show a sufficient cause of action, and the complaint, though inartificially drawn, shows a substantial cause of action.

4. *Judgment by default against county; what service sufficient to authorize.*—A judgment by default against a county, founded upon service of process, which shows that the summons was "executed" by the sheriff, without also showing upon whom the service was made, is not erroneous, for this reason.

APPEAL from Circuit Court of Randolph.
Tried before Hon. CHARLES PELHAM.

The facts are fully stated in the opinion.

BINTOW & AIKEN, for appellant.
C. D. HUDSON, *contra.*

PETERS, J.—I have not been able to discover any sufficient ground for the allowance of the motion made by appellee, to dismiss the appeal in this case. The proceedings in taking the appeal seem to have been quite regular, and as required by the State. The motion is, therefore, denied, with costs.—Rev. Code, §§ 3485, 3509, 3506, 3507 ; *Campbell v. Roach*, MS. June term, 1870.

This is an action of debt, founded on several claims against the county of Randolph. The complaint and summons are in the usual statutory forms. The summons was signed and issued by the clerk on the 10th day of February, 1868. The sheriff's service of this process is endorsed thereon in the following words, viz : " Received in office, February 13, 1868. Executed, February 14, 1868. S. E. Jordan, sheriff." This writ, with the complaint, was regularly returned into the proper court, and judgment was taken by default, in favor of the plaintiff and against the county of Randolph as the defendant, at the proper term of said court. In this judgment it is recited that the plaintiff recovered " of and from the defendant six hundred and sixty-nine 24-100, the damages in the complaint mentioned, together with costs in this behalf expended." It will be seen that the word " dollars " is left out in this judgment, but this word is inserted in the complaint to which reference is made. This complaint is copied below :

" The State of Alabama, ⎱ Circuit Court,
    Randolph county. ⎰   Spring Term, 1868.

" Zachariah M. Hutchins, plaintiff, *vs.* Randolph County, defendant.

" The plaintiff claims of the defendant the sum of one thousand dollars, due from said county by account, on, to-wit, the first day of January, 1867 ; also, one thousand dollars on an account stated between the plaintiff and defendant, on, to-wit, the first day of January ; also, one thousand dollars for work and labor done for the defendant by the plaintiff, on, to-wit, the first day of January, 1867, at the request of said county ; also, three hundred and ten dollars on a claim audited and allowed by said

county on the 24th of September, 1866, for hauling supplies to Roanoke, for the destitute of said county, and for which the said plaintiff holds the certificate of said county, dated 24th of September, 1866, for three hundred and ten dollars ; also, three hundred dollars on a claim audited and allowed by said county, on the 30th November, 1866, to Joseph H. Davis, for receiving and issuing government rations for the destitute of said county, at Roanoke, Alabama, to-wit, on the 30th of November, 1866, which warrants are the property of the plaintiff, and are due and unpaid ; which several sums, with interest thereon, are now due."

This complaint is signed by the attorney for the plaintiff, and accompanied the summons, as required by law. At the trial term of said suit, judgment was taken by default, in favor of said plaintiff against said defendant, as above shown. From this judgment the county appeals to this court, and here assigns the following errors, that is to say :

" 1. The court erred in rendering judgment by default against appellant.

" 2. The court erred in rendering judgment by default against appellant, because the appellee's complaint shows no cause of action.

" 3. The court erred in rendering judgment by default against appellant, because the record shows that service of summons was not legally made on appellant."

The county is a corporation created by law. It is capable of contracting accounts for the business of the corporate body, and may be sued to enforce the payment of the same.—Rev. Code, §§ 896, 907, 908, 909 ; *Barbour County v. Horn,* MS. June term, 1871 ; *Covington County v. Kenney,* 45 Ala. 45. When any claims against the county are audited and allowed, the county, through its commissioners court, is authorized and required to levy a tax to raise the money necessary to pay such claims.—Rev. Code, § 919, *et seq. ; ib.* §§ 922, 926, 930. It is true, that there is a mode prescribed to register claims against the county, and have them paid by the county treasurer ; but if they are not allowed and paid in this way, this does not

release the county.—Rev. Code, §§ 922, 926, 930. For if the county were thus released from suit, any claim against the county might be defeated, for want of allowance and registration, if the commissioners should choose to reject it, however just and proper it might be to have it paid. This does not seem to be the purpose of the statute making the county a body corporate, and subjecting it to be sued. In such transactions, either the county is bound or the commissioners are bound.—*Whiteside v. Jennings*, 19 Ala. 784. The commissioners are but the agents of the corporation. If the agent transcends his authority, he is personally liable.—*Crawford v. Barkley*, 18 Ala. 270. All claims must, also, be presented for allowance, within twelve months, or they will be barred by this limitation after the claim accrues, unless they are *held* " by minors or lunatics." Rev. Code, §§ 907, 909. If the claim is allowed and registered as required by law, then the treasurer of the county becomes liable to pay it, if he has funds, and may be sued on it if he fails to pay it on demand.—Rev. Code, §§ 926, 930.

But the statute does not declare that even this shall release the county from suit. It only provides one mode for the payment of the claim. And the same statute that provides this, also provides that the county may be sued. Suit, then, is a second mode to enforce the payment. Both these may exist at the same time ; they are merely cumulative remedies.

Then, as the county may be sued, and there is no particular mode pointed out for this purpose, the suit may be brought in the usual form, prescribed in other cases for like demands.—Rev. Code, §§ 2523, 2558. This action has been brought in conformity with the general law upon the subject of instituting suits under our Code. The complaint, in this suit, though somewhat irregular in some trifling and amendable particulars, is in sufficient form.—Rev. Code, § 2629; *ib.* p. 674. The judgment against the county, upon a sufficient complaint, is good, if similar to a judgment against a natural person, in a like action. If the defendant fails to plead, he admits the complaint, and

Randolph County v. Hutchins.

judgment by default may be taken; and if the claim is founded on an instrument in writing, as in this case, the clerk, under the direction of the court, may enter the judgment for the sum shown to be due, and interest.—Revised Code, § 2770. No more than this has been done in this instance. But, at all events, the judgment by default was proper.

The return of the sheriff does not show upon what particular person the summons was served, but it shows that the process was *executed*. This is equivalent to saying that it was *legally executed*. This could only be done by service upon the judge of the probate court, in the manner required by the statute.—Revised Code, § 2573. The judge of the probate court is a person known to the court. There is no need of proof to show that he was the person proper to be served with the summons and complaint, as there would be in the case of a private corporation, where the person to be served is not known to the court. The sheriff is a sworn officer of the State. He knows the law. And he knows the proper person upon whom he should serve process in his hands. In such case, it is to be presumed that he has discharged the duties of his office correctly, unless it otherwise appear.—Broom's Max. p. 428, (marg.) ; *Bank United States v. Dandridge*, 12 Wheat. 64, 69, 70. The complaint shows a substantial cause of action. There was no objection to it, or to the service of the summons in the court below. When this is the case, the judgment of the court below will not be disturbed or reversed.—Revised Code, §§ 2636, 2637, 2629, 2811.

The errors assigned are not sustained by the record and the law. No others will be noticed.—Shep. Dig. pp. 565, 538.

The judgment of the court below is affirmed.