# Vincent *v.* Gilmer's Executor.

*Action against County Treasurer, for Interest on Claim against County.*

1. *Interest on claim audited and allowed by commissioners' court.* — A claim against a county, audited and allowed by the commissioners' court (Rev. Code, § 907, 930), does not bear interest from the day of its allowance, nor from the day of its registration.

2. *Judgment reversed and rendered.* — When the record shows that the plaintiff has no right of action, and there is no dispute about the facts, this court, in reversing the judgment for him, will not remand the cause, but will itself render final judgment against him.

[Vincent v. Gilmer's Executor.]

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. L. B. STRANGE.

This action was brought by Jefferson Falkner, as the executor of the last will and testament of W. B. S. Gilmer, deceased, against J. H. Vincent, county treasurer of said county, to recover the interest on a claim against the county in favor of the plaintiff, which had been audited and allowed by the commissioners' court; and was commenced by notice and motion. The plaintiff's claim was for $1,611, and was audited and allowed by the commissioners' court on the 15th February, 1869; and it was presented by him, on the 18th February, 1869, to the county treasurer, by whom it was properly indorsed as filed and registered; but it was not paid until the 4th January, 1873, when the treasurer paid the amount specified in the order of allowance, but refused to pay any interest. It was admitted that, until the day when it was paid, there was no money in the county treasury with which to pay said claim, and that there was in the treasury, on that day, sufficient money to pay the interest also, if the plaintiff was entitled to it. The plaintiff claimed, as the bill of exceptions states, " that he was entitled to interest on said claim, at the rate of eight per cent. *per annum*, from the date of its registration, up to the date of its payment;" and the court so ruled, overruling a demurrer to the notice (or complaint), and instructing the jury that, on the facts stated, the plaintiff was entitled to recover. These rulings of the court, to which the defendant excepted, are now assigned as error.

J. J. ROBINSON, for appellant. — Interest is no part of a debt, but is given by statute instead of damages for the default as at common law. There can be no interest when there is no default; and there was no default in this case, either on the part of the county, or on the part of the defendant. When a creditor of the county has his claim audited and allowed, and accepts a warrant on the treasurer, he accepts it with the knowledge and understanding that it is to be paid, in the order of its registration, so soon as there are sufficient funds in the treasury; and when this is done, there is no default.

J. & J. M. FALKNER, *contra.* — Interest attaches as an incident to a debt, if it is not paid at maturity. *Goodwin* v. *McGehee*, 19 Ala. 474; *Kirkman* v. *Vanlier*, 7 Ala. 217. A county is made a corporation by statute, and, like other corporations, must be liable for interest on its debts. The statute allowing interest does not except counties from its operation. Rev. Code, § 1828. Interest against a county was allowed by this court in the case of *Randolph County* v. *Hutchins*, 46 Ala. 397.

[Vincent v. Gilmer's Executor.]

BRICKELL, J. — The demurrer to the complaint, the charge given, and the charge requested, present but a single question; that is, whether a claim against a county, audited and allowed by the court of county commissioners, bears interest from the day of its allowance, to the day of its payment by the county treasurer.

The court of county commissioners is required to audit all claims against their respective counties, and to register every claim, or such part thereof as is allowed; and the judge of probate is required to give the claimant a warrant on the treasury for the amount so allowed. R. C. § 907. The county treasurer is required to register all claims allowed by the commissioners' court, and presented to him, designating the date of the allowance, when presented, the character of the claim, to whom allowed, and the amount. He numbers, registers, and pays all claims, in the order of presentment; and on payment takes a receipt for the same, and marks on the register the word "paid," against the same. R. C. § 926. If the treasurer, having funds, fails to pay, on demand made, any claim against the county which has been allowed, the claimant, his legal representative, or assigns, may, by motion, obtain judgment against him and his sureties, for the amount of such claim, with interest from the demand, ten per centum damages, and costs. R. C. § 930. No suit can be maintained against a county, until the claim or demand has been presented to the court of county commissioners, and either disallowed, or reduced by the court and refused by the party. R. C. § 2537; *Autauga County* v. *Davis*, 32 Ala. 703; *Marshall County* v. *Jackson County*, 36 Ala. 613.

Construing these statutes in connection, when a claim is created by a county, in the exercise of its general powers, its obligation as a contract is, that, on presentment to the county commissioners within the period prescribed by law, it shall be audited and allowed, and the county treasurer ordered to pay the same when in funds; that the county treasurer, having funds, will pay it in the order of its presentment and registration. The county is not in default, unless the court of county commissioners refuses to audit and allow the claim, or, having audited and allowed it, fails to exercise the powers with which it is clothed, to assess and collect taxes for its payment. *Tarver* v. *Comm'rs Court*, 17 Ala. 527; *Falkner* v. *Comm'rs Court*, 19 Ala. 177.

The statutes of this State substitute interest for damages allowed at common law for the detention of the debt. *McWhorter* v. *Standifer*, 2 Porter, 519. It is intended as just compensation for withholding the principal, and accrues only from the time the principal is due and payable. When a claim

against a county is audited and allowed by the commissioners' court, and the party to whom it is payable accepts the warrant on the county treasurer for its payment, he does so with the knowledge that, by law, it can be paid by the treasurer only in the order of its presentment and registration. Unless there is a failure to pay in this order, the principal is not detained, or withheld, and interest cannot accrue. If there is such failure, it is the default of the treasurer, not of the county, and the statute subjects him to liability for interest, and ten per cent. damages in addition. From the day of this default only interest attaches. It does not accrue against the county, but against the treasurer. If the treasurer pays the claim in its order, he can pay only the amount specified in the warrant. It is an authority to him to pay only that sum. If he should pay more, he would exceed the authority, and could not claim from the county the allowance of the excess. The creditor, receiving the amount specified in the warrant, receives all to which he is entitled. He contracted with the county, not for the payment of a sum certain, when his claim was audited and allowed, but for the payment of the amount allowed him, in the order of payment prescribed by the law. There is no breach of contract or duty imputable to the county, and no ground on which to rest a claim for damages or interest. In these views, we are supported by decisions in other States, on statutes similar to ours. *Dyer* v. *Covington*, 19 Penn. 200 ; *Allison* v. *Juniata*, 50 Penn. 351 ; *Addison County* v. *Bartlett*, 1 Scam. (Ill.) 67.

The rulings of the circuit court were erroneous; and as it appears fully from the pleading of the appellee that his only claim is for interest accruing after the day of the auditing and allowance of his claim against the county, to the day of payment by the treasurer, the judgment is reversed, but the cause will not be remanded. A judgment is here rendered, dismissing the motion against the appellants, and taxing the appellee with all the costs in this court, and in the circuit court.