## Covington County v. Dunklin & Steiner.

*Suit against County on audited and allowed Claim.*

*County ; for what cannot be sued.*— Suit cannot be maintained against a county on a claim which has been audited and allowed without reduction. The only remedy is by *mandamus* to compel the levy of such tax, as the law permits to be levied, to pay the claim. (Overruling *Randolph County* v. *Baldwin*, 46 Ala. 397.)

APPEAL from the Circuit Court of Covington.
Tried before Hon. J. McCALEB WILEY.
The opinion sufficiently states the facts.

W. D. ROBERTS, for appellant. — *Marshall County* v. *Jackson County* (36 Ala. 613), although virtually overruled by *Randolph County* v. *Baldwin* (46 Ala. 397), is sound law, and ought to be reinstated.

JUDGE & HOLTZCLAW and WHITEHEAD, *contra.*— *Randolph County* v. *Baldwin* (46 Ala. 397) overrules the former decisions.

BRICKELL, C. J. — The question which seems from the record to be decisive of this cause, was presented by the demurrer to the special count, averring the cause of action to be a claim against the county, which had been audited and allowed by the court of county commissioners. That question was before the court in the case of *Marshall County* v. *Jackson County* (36 Ala. 613), and after careful consideration, it was declared such a claim was not the subject of a suit against the county. The statutes do not permit any other decision. Counties are not subjected to a general liability to suit. The cases in which suit against them is authorized are specified in the statute. The specification of the statute, so far as this case is concerned, is, that " no suit can be brought against a county until the claim or demand has been presented, within the time limited by section 909, to the court of county commissioners, and either disallowed or reduced by such court, and refused by the party." The claim, so far as disclosed by the count, had not been disallowed or reduced, but had been audited and allowed. If the claim is audited and allowed, the only duty resting on the county is by taxation to raise the funds necessary for its payment. An ordinary action at law is not the

[Giles *v.* State.]

remedy to enforce the performance of this duty. *Mandamus* is the only remedy which can compel its performance. *Tarver* v. *Commissioners' Court*, 17 Ala. 527. That remedy would be the only mode of enforcing a judgment against the county, and is maintainable after the commissioners' court has audited and allowed the claim. The law prescribes the order in which claims against the county are to be paid. A judgment against the county cannot disturb this order of payment, or take precedence of other claims which have been registered and filed. There is no aspect in which there is a necessity for suit on a claim which has been audited and allowed; and as is said in the case to which we have referred, there is a manifest propriety in prohibiting it. The case of *Randolph County* v. *Hutchins* (46 Ala. 397) supports this action, and was doubtless the authority on which it was instituted; but it is in conflict with the previous case of *Marshall County* v. *Jackson County*, *supra*, and must be overruled.

　　　　The judgment is reversed and the cause remanded.

JUDGE, J., not sitting.