# Shinbone *v.* Randolph County.

*Action against County, on Coupons of County Bonds issued to Railroad Corporation.*

1. *When action lies against county.*—The principle is definitely settled by the decisions[of this court, that an action at law does not lie against a county, on a contract which has not been presented to the Commissioners' Court, and by it disallowed in whole or in part (Rev. Code, § 2537); and such presentment and disallowance must be averred in the complaint.

2. *When mandamus lies to Commissioners' Court.*—When the validity and amount of coupons, annexed to bonds issued by a county in aid of a railroad company, are definitely fixed by the statute under which the bonds are issued, so that their presentment to the Commissioners' Court for allowance is not necessary ; if that court refuses to levy a tax for their payment, *mandamus* lies to compel it.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JOHN HENDERSON.

This action was brought by Zimri Shinbone, against Randolph county, as a corporation ; was commenced on the 31st January, 1876, and was founded on three several coupons, attached to bonds issued by the county, which were in the following words :

"State of Alabama, County of Randolph. Forty dollars will be due and payable the first day of July, 1870, at the agency of Eufaula, Opelika, Oxford, and Guntersville R. R. Co., in the city of New York ; being six months' interest on bond No. 20, for $1,000, issued by said county of Randolph in payment of subscription to Eufaula, Opelika, Oxford, and Guntersville R. R. Co." Signed "W. COLWELL, Treasurer."

The complaint was as follows : "The plaintiff claims of the defendant $120, being the amount due on three interest warrants, commonly called coupons ; each of which was executed by the defendant, on the first day of January, 1870, and was attached to and a part of certain bonds, or writings obligatory, under seal, made then and there by the defendant, through the probate judge and treasurer of said county, and issued in payment of the subscription to the stock of the Eufaula, Opelika, Oxford, and Guntersville Railroad Company, now known as the East Alabama and Cincinnati Railroad Company, under authority and in pursuance of an act of the general assembly of the State of Alabama, entitled 'An act to authorize the several counties, towns, and cities of Alabama to subscribe to the capital stock of such railroads

throughout the State as they may consider conducive to their interest,' approved December 31, 1868. Each of said coupons was for the half-yearly interest on such bond, and each of said bonds was for the payment of $1,000, January 1st, 1870. Said coupons are each for the sum of $40, and are severally of description as follows : Each of said coupons was attached to, and a part of bonds, numbered severally thirteen, twenty, and twenty-one, and one of said coupons is in words and figures in substance as follows," setting it out as above copied ; "and each of the other coupons is of the same effect and tenor as the one above set forth, except that each was attached to a different bond, and to bonds number- ed as aforesaid. All of said coupons matured on the date aforesaid, to-wit, July 1st, 1870, and were and are parts of the several bonds numbered and described as above set forth. And plaintiff alleges, that he is the owner and bearer of said three coupons, which, together with the bonds to which they were attached, were executed and put in circulation by the said defendant, and plaintiff became the owner and holder of the same, for value, before any of them fell due, and they are the property of plaintiff ; and defendant has hitherto wholly failed and refused to pay said coupons, or any part thereof, though often requested so to do, and no part thereof has been paid ; of all which said defendant had notice before the com- mencement of this suit. To plaintiff's damage, $500."

The defendant demurred to the complaint, assigning as grounds of demurrer : "1st, that plaintiff's only remedy is by *mandamus* to the Commissioners' Court, to compel that court to levy a tax to pay the amount due on said coupons ; 2d, that the defendant is not liable to a suit by summons and complaint, under the facts stated in the complaint ; 3d, that the complaint does not allege that said coupons were ever presented for allowance to the Commissioners' Court of said county, and by said Commissioners' Court refused, or re- duced in amount." The court sustained the demurrer, and its judgment is now assigned as error.

C. D. HUDSON, for appellant,

WATTS & SONS, *contra*.

BRICKELL, C. J.—The material question of this case has been so often passed upon by this court, that it must be regarded as definitely settled. That question is, the liabil- ity of a county to an ordinary civil action, founded on a con- tract, which has not been presented to, and disallowed in whole or in part, by the Court of County Commissioners.

[Shinbone v. Randolph County.]

Prior to the Code of 1852, counties were not subject to suit. If debts were contracted by the authorities of the county, they were payable only from the treasury of the county; and the treasury was supplied, by taxation levied by the Commissioners' Court, with funds to meet and discharge them. The court could, by *mandamus*, be compelled to levy the tax; and ample remedies were provided, and are yet in force, to compel the treasurer to pay claims when in funds, in the order of payment prescribed by law. The Code declares each county a body corporate. Without this statutory declaration, it was a corporation from the very nature and character of its organization and duties. It is further declared, that it may sue and be sued in any court of record.—R. C., § 897. The cases in which it may be sued, are distinctly specified, and cannot be enlarged without legislation. A condition precedent to suit is the presentment of the claim to the Commissioners' Court, and its disallowance, in whole or in part, by that court.—R. C., § 2537. An averment of such presentment and disallowance is an indispensable element of a complaint against the county.—*Autauga County v. Davis*, 32 Ala. 703; *Marshall County v. Jackson County*, 36 Ala. 613; *Covington County v. Dunklin & Steiner*, 52 Ala. 28. The county is not in default, until such presentment and disallowance has been made. The law requires the Commissioners' Court to audit and allow claims against the county. When audited and allowed, the claim can be presented to, and registered by the county treasurer, whose duty it is to pay in the order of registration. The harmonious operation of the statutes would be destroyed, and the county subjected to unnecessary and expensive legislation, if suits were maintainable on claims which had not been presented to, and allowed or disallowed by the Commissioners' Court. All who deal with the county, are aware of the law which prescribes the mode of payment, and assent to pursue the course to obtain it which the law fixes.

2. It may be, the claims on which this action is founded are not required to be presented to the Commissioners' Court for allowance. The statute under which the bonds were issued, and the claims, may fix definitely their validity and amount. If that be true—and, as the case is not presented, it is not for us to determine whether it is or not—if the Commissioners' Court refuses to levy a tax for their payment, *mandamus* to compel them is the appropriate remedy for appellant.—*Commissioners' Court v. Rather*, 48 Ala. 433; *Tarver v. Commissioners' Court*, 17 Ala. 527.

The demurrer to the complaint was properly sustained, and the judgment of the court below is affirmed.