# Caldwell v. Dunklin.

*Motion for Summary Judgment against County Treasurer.*

65　461
108　593

1. *Summary judgment against county treasurer; when authorized.*—A summary remedy, by notice and motion, against a county treasurer and his sureties, is given only where he fails to pay, on demand, "an allowed claim against the county, when there are funds in the treasury to pay the same" (Code, § 3395) ; that is, a claim which has been presented to the Commissioners' Court, and has been by it audited and allowed ; and it can not be extended to claims which are not required to be so presented and audited.

2. *Action against county.*—An action at law does not lie against a county, on a claim which has been audited and allowed by the Commissioners' Court : the only remedy is against the county treasurer, if he has funds with which to pay it ; or, by *mandamus* to compel the levy of the necessary tax, if there are not sufficient funds in the treasury.

3. *County bonds of Butler, issued under special statute in liquidation of registered indebtedness.*—The bonds of the county of Butler, issued under the authority of the special statute approved December 28th, 1868, entitled "An act to register and pay the debt of Wilcox, Perry, Butler, and St. Clair counties" (Sess. Acts 1868-9, pp. 505-06), are not required to be presented to the Commissioners' Court, and by it audited and allowed, to make them valid claims against the county; nor will they support a summary remedy against the county treasurer and his sureties.

4. *Same; interest.*—The statute expressly provides for the issue of interest-bearing bonds; and although they are made payable in five years, there is no

[Caldwell v. Dunklin.]

indication of any purpose to prohibit interest after their maturity; consequently, they, and the coupons attached, are governed by the general principle, which allows interest as an incident to a debt after its maturity.

5. *Error without injury, in rulings against plaintiff.*—When the record shows that the plaintiff can not recover in any event, erroneous rulings against him, to which he duly excepted, could work no injury to him, and furnish no ground of reversal at his instance.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. J. W. POSEY, an attorney of the court, as special judge, selected by the parties on account of the incompetency from interest of the presiding judge.

HERBERT, BUELL & LANE, for appellants.

GAMBLE & BOLLING, *contra.*

BRICKELL, C. J.—This is a summary proceeding under the statute, which reads thus : " If any county treasurer fails, on demand, to pay an allowed claim against the county, when there are funds in the treasury to pay the same, judgment may be obtained against him and his sureties, or any or either of them, having five days' notice, by motion in the name of the party to whom the claim is payable, his legal representatives, or assigns, for the amount of the claim, with interest from the demand, ten per-cent. damages and costs."—Code, § 3395.

It is a well-settled rule, that statutes of this character, authorizing summary proceedings, in derogation of the common law, are strictly construed.—Sedgwick on Stat. & Con. Law, 299. They are not by construction extended, so far as to include any other state of facts, or any other causes of action, than such as may be expressed in them.—*Nations v. Roberts,* 20 Ala. 544 ; 2 Brickell's Digest 464, §§ 1—9. It is not every claim against the county, which it may be the duty of the treasurer to pay, that can be enforced by this remedy. The statute confines and limits the remedy, by its own words, to *an allowed claim against the county.* The first instruction given the jury by the Circuit Court raises directly the question, whether the claims on which the motion is made, are claims upon which this remedy can be pursued.

Originally, the statute formed a section of the part of the Code devoted to counties, their organization, powers, duties, and liabilities, and of the article prescribing the duties of county treasurers.—R. C. 1867, § 930. The Commissioners' Court is the agency, through which the county acts, and it is clothed with a general authority " to examine, settle, and allow all accounts and claims chargeable against

[Caldwell v. Dunklin.]

the county." To this body, all claims against the county must be presented, for allowance, within twelve months after they accrue, or become payable, or they are barred. In term time, the court audits all claims; and for every claim allowed, the judge of probate is required to give the claimant a warrant on the treasury. The treasurer is required to register "all claims allowed by the Court of County Commissioners, in the order in which they are presented to him; designating the date of the allowance, when presented, the character of the claim, to whom allowed, and the amount. The mere transportation of this statute to another part of the Code, can not vary its construction. It must now be taken and construed, as it would have been when it formed a part of the statutes referring to county claims, county revenue, and to the duties of the county treasurer. Thus taken and construed, it embraces only claims which have passed the audit of the Court of County Commissioners, have been allowed by the court, and a warrant for their payment drawn on the county treasury, by the judge of probate. Such claims only are *allowed claims* against the county. It is these claims the treasurer is required to pay, on presentation, in the order of registration, if there be funds in the treasury; and it is neglect to pay them, having funds, the statute visits with the penalty of ten per-cent., and by another section declares a misdemeanor. These claims—*allowed claims*—are not the subject of suit against the county.—*Marshall County v. Jackson County*, 36 Ala. 613; *Covington County v. Dunklin*, 52 Ala. 28; *Shinbone v. Randolph County*, 56 Ala. 183. They are not the subject of suit, because, as to them, the county is not in default. They have been audited and allowed, in obedience to law; and if, in their payment there is default, it is the default of county officers, and not of the county. If the Commissioners' Court will not, so far as it has power, levy a tax for their payment, they can be compelled by *mandamus.*—*Tarver v. Commissioners' Court*, 17 Ala. 527. If the tax has been levied, the funds raised, and passed into the treasury, it is the default of the treasurer, if they are not paid; and it is this default for which this statute furnishes a remedy.

The claims, upon which the motion in this case is founded, are bonds of the county, signed by the judge of probate and the county treasurer, for the payment of specific sums of money, at a designated time, issued in pursuance of an act of the General Assembly, approved December 28th, 1868. Pamph. Acts 1868, p. 505. The second section of the act, which alone it is material now to consider, conferred on the Commissioners' Court authority to issue bonds for the liqui-

dation of the registered debt of the county, which were to be payable in five years, at the option of the Commissioners' Court; and to have coupons attached, for the payment of interest, at the rate of eight per-cent. *per annum*, which were receivable for all dues to the county. These are not of the class of claims which must be presented to the Court of County Commissioners, for audit and allowance; nor are they payable by warrants drawn on the county treasury. By force of the statute under which they were issued, the bonds, of themselves, are the bonds of the county, importing a fixed liability, and the Commissioners' Court, in ordering this issue, exhausted all the authority with which they are clothed in reference to them.—*Comm'rs' Court v. Rather*, 48 Ala. 433. The bonds themselves import a liability on the county, unlike claims which are preferred against the county, and which, until allowed by the Commissioners' Court, bear no evidence of the assent of the county to their payment or validity. These bonds, not being of the claims which must be presented to the Court of County Commissioners for allowance, and not having been presented and allowed, are not *allowed claims*, upon which this summary remedy can be pursued. There are other remedies, more appropriate, ample to compel payment of the principal and interest of the bonds, if the county fails or refuses to make payment.

As the appellant could not, in any event, pursue this remedy, if there are errors in the other rulings of the Circuit Court, they are not of injury, and would furnish no cause of reversal; and ordinarily, we would not be inclined to inquire into them. It is obvious, however, that the contention between the parties is confined to the single point, whether the bonds bear interest after their maturity; and it is better, as this point has been fully argued, that it should now be settled, than left open for future litigation. Upon this point, there is no room for reasonable doubt. The statute authorizing the issue of the bonds provides expressly for interest-bearing obligations, and prescribes the rate of interest. There is no intimation of a purpose to limit the bearing of interest to the period of five years, the maturity of the bonds. Interest is an incident to the debt—compensation for its detention beyond the period appointed for its payment. Each coupon attached to the bonds, for the payment of interest, was, of itself, a separate contract for the payment of money at a particular time; and if it was not paid at the time appointed, interest followed as an incident. So, of the principal; if not paid at the time appointed, interest attached. Wherever there is a contract for the pay-

[Abrams v. Johnson.]

ment of a specific sum of money, at an appointed time, and there is neglect or failure, the contract is broken, and interest follows.—*Aurora v. West*, 7 Wall. 82; *Cromwell v. Sac*, 6 Otto (96 U. S.), 51. Ordinary county claims, allowed by the Court of County Commissioners, do not bear interest, for the reason that they are not payable except in the order of their registration; and it is only in that order the county promises payment.—*Vincent v. Gilmer*, 51 Ala. 387. Here, the time of payment is appointed by the obligation of the county; the obligation is broken, if payment is not made at that time, and interest follows as an incident. In its rulings to the contrary, the Circuit Court was in error; but, because the appellants have not pursued the appropriate remedy, the error is not now of injury to them, and the judgment must be affirmed.