(85 South. 396)

### J. B. McCRARY CO. v. BRUNSON, Mayor, et al. (4 Div. 867.)

(Supreme Court of Alabama. Feb. 12, 1920.)

1. Mandamus ⬅115—Will lie to compel city to levy special tax for payment of past-due bond.

Where a city issued bonds to refund an indebtedness incurred in the construction of light and water plants, pursuant to a decree of equity in the creditor's action, bondholders, on city's failure to pay bonds when due, could petition for writ of mandamus to compel the mayor and aldermen to levy a special tax and to include in the annual appropriation ordinance the amount of the principal and interest of the bonds.

2. Mandamus ⬅105—Will not lie to compel payment of unliquidated claims.

Mandamus will not lie to compel the payment of an unliquidated claim.

3. Mandamus ⬅163—Averments of petition accepted as true on demurrer.

Averments of petition for mandamus must be accepted as true on demurrer.

4. Mandamus ⬅115—City's levy to limit of authority good defense.

On bondholder's application for mandamus to compel city to levy a special tax for payment of over-due bond, it was a good defense that the city had levied taxes to the limit of its authority under the Constitution and statutes, and that the entire income was necessary to meet its legitimate current expenditures for governmental purposes.

5. Mandamus ⬅165—Levy to limit of authority matter of defense and not ground for demurrer.

In mandamus by bondholder to compel city to levy special tax for payment of over-due bond, that city had levied taxes to the limit of its authority, and that its entire income was necessary to meet legitimate governmental expenditures, was an affirmative defense and not a ground of demurrer.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Petition by the J. B. McCrary Company for mandamus to require J. C. Brunson, Mayor, and others as the municipal authorities of the Town of Samson, to levy an annual budget sufficient to care for the bonds and in-

terest due petitioner. From a decree sustaining demurrers to the petition, petitioner appeals. Reversed and remanded.

The facts sufficiently appear from the opinion of the court.

Chapman & Lewis, of Dothan, for appellant.

The indebtedness was properly settled and adjusted. Section 1436, Code 1907. The court improperly sustained the demurrers. Section 216, Const. 1901; 197 Ala. 375, 72 South. 616, L. R. A. 1918B, 881. The fund is for a special purpose, and must be so kept. Section 1455, Code 1907.

W. O. Mulkey, of Geneva, for appellees.

Mandamus will not lie. 102 U. S. 187, 26 L. Ed. 99; (D. C.) 155 Fed. 866; 211 Fed. 57, 129 C. C. A. 242; 49 La. Ann. 804, 21 South. 870, 37 L. R. A. 540; 17 Iowa, 1, 85 Am. Dec. 539, and note; 19 Wall. 655, 22 L. Ed. 223; 18 R. C. L. 208; 29 Fla. 342, 10 South. 613, 14 L. R. A. 773; 119 Ala. 476, 23 South. 999; 140 Ala. 394, 37 South. 220.

SAYRE, J. This was an application to the circuit court for a writ of mandamus to the mayor and aldermen of the town of Samson commanding them to levy a special tax and to include in the annual appropriation ordinance the amount of the principal and interest of a bond issued by the town and past due and unpaid. Demurrer was sustained in the trial court, whereupon, petitioner, declining to plead further, the petition was dismissed. Relator appeals.

[1-3] One ground of the demurrer was that it did not appear from the petition that the validity of relator's claim had been established by the judgment or decree of any court. In the federal courts the rule is as indicated by the ground of demurrer, but that is because in those courts the writ of mandamus can only be granted in aid of an existing jurisdiction. There a judgment at law on the indebtedness is necessary to support the writ, which is granted as in the nature of an execution to carry the judgment into effect. Bath County v. Amy, 13 Wall. 244, 20 L. Ed. 539. But that is not the rule of this court. Shinbone v. Randolph County, 56 Ala. 183; County of Greene v. Daniel, 102 U. S. 187, 26 L. Ed. 99. Mandamus will not lie to compel the payment of unliquidated claims; but the bond which relator would collect, undenied, imports definite and fixed liability, and will support the writ. Caldwell v. Dunklin, 65 Ala. 461; Commissioners v. Rather, 48 Ala. 433; Shinbone v. Randolph County, supra; Tarver v. Commissioners, 17 Ala. 527. If the averments of relator's petition be true, and they must be accepted as true on demurrer, the validity of the bond held by relator cannot well be denied, for it and the rest of its class were issued to refund an indebtedness incurred in the construction of light and water plants and in pursuance of a decree of the circuit court, of the county, sitting in equity, made at the end of litigation in which creditors sought to collect the debt due them on the account mentioned.

[4, 5] Relator's petition alleges that, in the settlement evidenced by the decree supra, the municipal authorities, in order to provide funds to meet the bonds and interest as they should fall due, agreed that an annual tax should be levied sufficient for the purpose, and that the town council would annually include such amount in its appropriation ordinance, that the town was insolvent, and that prior recorded judgments were a superior lien upon all its leviable property. In view of these averments of the petition, respondents took the point by demurrer that, for aught appearing, the municipal authorities may have levied taxes to the limit of their authority under the Constitution and law of the state, and the town's entire income may be necessary to meet its legitimate current expenditures for governmental purposes; but this answer to the petition (good, if proved, White v. Decatur, 119 Ala. 476, 23 South. 999; Anniston v. Hurt, 140 Ala. 394, 37 South. 220) we think should be brought forward in the way of affirmative defense and was not properly presented by demurrer against the petition as framed.

It results that the demurrer, considered as of the time of the judgment, should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

<hr/>

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes