ADOLPHUS WAITZ, APPELLANT, *v.* ORMSBY COUNTY, RESPONDENT.

Though the 23d section of the Act of 1861, creating Boards of County Commissioners and defining their duties, authorizes an appeal to the District Courts from the decision of the Board, it does not take away other modes of procedure provided by statute.

It is not unusual to permit several modes of proceeding to obtain the same remedy, leaving it optional with the person seeking it to select either.

Prior to the passage of the Act of 1865, providing for the presentation of accounts against the county to the Board of Commissioners, a person holding a claim against the county was not confined to an appeal from the action of the Board disallowing it, he might either pursue that course or proceed by action against the county.

Section 1 of "An Act prescribing the manner of commencing and maintaining actions by or against counties," passed in 1864, authorizes actions to be brought and maintained against counties, and is not merely an Act providing where such actions may be brought.

County Commissioners being creatures of the statute, have no powers beyond those expressly granted by the Legislature. The statute not authorizing it, they cannot therefore issue a county warrant as collateral security for money borrowed. A warrant so issued would be utterly void.

Money loaned to the Commissioners for the benefit of a county, may be recovered from the county, with legal interest thereon, if it is shown that it was appropriated to the execution of an act which it is made the duty of the Commissioners to perform, and the county has received the benefit of it. But nothing can be recovered which is not shown to have been expended for the use and benefit of the county, and for some purpose authorized by law.

Waitz v. Ormsby County.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Ormsby County, Hon. S. H. WRIGHT presiding.

It is alleged in the complaint in this action that on the 22d day of June, A. D. 1863, one John Wagner, at the special instance and request of the Board of County Commissioners, loaned to the County of Ormsby, and for its use and benefit, the sum of five hundred dollars in gold coin of the United States. That the said sum of five hundred dollars was by the County Commissioners appropriated to the use and benefit of said county in defraying the expenses of removing certain paupers from the county. That by the direction of the Board of County Commissioners, the Auditor issued to John Wagner to secure the payment of the five hundred dollars loaned by him, and as collateral security therefor, a warrant, by which the County Treasurer was directed to pay to him the sum of fifteen hundred dollars.

It is also alleged that it was agreed by and between the County Commissioners and John Wagner that the warrant should be held as security for the payment of the five hundred dollars loaned, with five per cent. per month interest thereon; and that the same should be paid on or before the 22d day of June, A. D. 1864. It is further shown that the plaintiff became the purchaser of Wagner's claim, and the assignee and holder of the warrant, issued as security; that there is due to him from defendant the sum of five hundred dollars, with interest at the rate of five per cent. per month, from the 22d day of June, A. D. 1863. The defendant demurred to this complaint, which being sustained, plaintiff appeals.

*Robert M. Clarke*, Attorney for Appellant.

The Court below had jurisdiction to try the action. Counties may sue or be sued in any proper case. (Statute 1864, p. 45; Statute 1865; Statute of Cal. (Wood), 249, Art. 1377; *Price et al.* v. *County of Sacramento*, 6 Cal. 254.)

Mandamus was not the proper remedy. The writ did not lie to compel the Treasurer to register and pay the warrant.

*First*—Because it was agreed, understood and intended between the parties that it should not be registered.

*Second*—The warrant was not to be paid. It was not the absolute property of Wagner (or Waitz), but a mere pledge to secure the payment of five hundred dollars and interest.

Mandamus only lies to compel the performance of an act which the law specially enjoins. (Statute 1861, p. 385, sec. 414, 6 Cal. 255.)

It was not necessary to present this demand to the Board of County Commissioners for their allowance, because it had already been once audited by them and allowed. (See complaint.)

The Board of County Commissioners are the agents of the county, having the control of its affairs and the management of its business and finances. They have special charge of the indigent sick, and with reference to them are unrestricted in authority. In transporting the non-resident sick beyond the county, they did exactly what the law authorized. (Statute 1861, p. 179, sec. 6; Statute 1861, p. 180, sec. 8.)

The money being had by the Commissioners to the use of the county and appropriated by them to a proper and legitimate purpose, may be recovered back. (*Argenti* v. *City of San Francisco*, 16 Cal. 282.)

*Thomas E. Haydon* and *Chas. E. Flandrau*, for Defendant.

The action cannot be maintained against the county even if the debt had been lawfully contracted. The proper remedy is by appeal from the decision of the Board of Commissioners. (Statutes 1861, sec. 23, p. 128–9; Statutes 1861, sec. 25, and Laws 1864, p. 138; Drake on Attachments, Ch. 22; 4 Minn. R. 184.)

These cases show that counties cannot be attached or garnisheed. The county cannot be sued. (*Honsacker* v. *Borden*, 5 Cal. 290; *Smith* v. *Myers*, 15 Cal. 34.)

An action will not lie against a county in Connecticut. (12 Conn. 404.)

Mandamus is the proper remedy against a county. (4 Serg. & Rawle, 448; *Hastings* v. *County of San Francisco*, 18 Cal. 49.)

Waitz *v.* Ormsby County.

In this last case the suit was against the Board of County Commissioners, judgment by default, and suit on judgment against the county.

The statute of 1864, page 45, does not authorize a suit to be maintained against a county in any case where it could not be maintained before its passage.

Section 1 simply provides where an action against a county may be commenced.

Section 2 simply provides how the process shall be served.

Section 3 simply provides that the District Attorney shall defend for the county.

Section 4 in what name the action shall be prosecuted or defended.

This law merely regulates the practice in suits commenced against counties by writs of mandamus, prohibition, certiorari, and those common law remedies which exist without the aid of statutory provisions.   It confers no powers to sue where they did not formerly exist.

As to mandamus, prohibition, certiorari, etc., lying against county independent of statute. (See 18 Cal. 45—opinion, p. 58.)

The County Commissioners had no power to contract the debt upon which this action is founded. ` (Powers of Board of Commissioners, Statutes 1861, p. 127, sec. 11, and 1864, p. 137.)

To have superintendence of the poor.   (Statutes 1861, p. 128, sec. 18.)

The subject of supporting the poor and removing paupers, is provided for by the Act of 1861, pages 178-9-80.   (Removal, sec. 8, p. 180.)

The whole Act contemplates the action of the Board to be as follows :

*First*—To decide what is to be done.

*Second*—To audit the accounts for doing it, which accounts are to be paid out of the treasury on warrants of Auditor· (Statutes 1861, p. 287, secs. 3, 8.)

The Commissioners have no power to touch the County Fund in any case, and the idea that they may borrow money at the rate of five per cent. per month for county purposes, seems absurd.   They have no such power. (10 Cal. 281, *Foster* v. *Coleman ;* 11 Cal. 190, *McDonald* v. *Maddox.*)

If a warrant is bad when issued, it is never good in anybody's hands. (11 Cal: 175, *People* v. *El Dorado County*; *Keller* v. *Hyde*, 20 Cal. 595.)

(*Lafarge* v. *Magee*, 6 Cal. 650.) Warrant when presented and funds to pay it, becomes a vested right.

(*Ellison* v. *Halleck*, 6 Cal. 386; *McCann* v. *Sierra County*, 7 Cal. 124), as to the necessity of presenting the claim to Board before suit.

(*Beale* v. *Lessee of Knowles*, 4 Peters, 151), as to effect of general powers in ·charter.

(*Williams* v. *Lash*, 8 Minn. 496.) County cannot buy real estate on judgment in favor of county on official bond of officer of county.

(*Jackson* v. *Hentwall*, 8 John. 332.) Counties are limited and special—cannot take grant of land.

(*Robinson* v. *Board of Supervisors of Sacramento County*, 16 Cal. 212–13.) Cannot allow expenses of defense of a county officer. (Also 18 Cal. 327; 6 Hill, 244, same as 16 Cal. 212.)

The proper remedy for a party who has an order which was not properly issued, is by application to the Legislature. (*People* v. *Burr*, 13 Cal. 351.)

Opinion by Lewis, C. J., full Bench concurring.

It is shown by the complaint in this action that on the 22d day of June, A. D. 1863, the County of Ormsby became indebted to one John Wagner in the sum of five hundred dollars; that such indebtedness was contracted in the manner following, viz: On the 22d day of June, A. D. 1863, the said Wagner, at the special instance and request of the Board of County Commissioners of the County of Ormsby, paid to the said county for its use and benefit the sum of five hundred dollars in United States gold coin; that the same was, by the Board of Commissioners of the county, appropriated to its use and benefit—that is, expended in removing certain paupers from the county; that to secure the payment of the money so paid, the County Commissioners caused to be issued and delivered to John Wagner, a warrant on the Treasurer of the county, directing him to pay to John Wagner the sum of fifteen

hundred dollars from the General Fund of the county.    It also appears by indorsement on the back of the warrant, that it was understood and agreed by and between Wagner and the Board of County Commissioners, that it should be held merely as collateral security for the payment of the five hundred dollars claimed to be due, with five per cent. per month interest thereon, which was to be paid on or before the 22d day of June, A. D. 1864.    It is also alleged that the plaintiff, before the bringing of this action, became the owner and holder of the claim of five hundred dollars, and also of the warrant of fifteen hundred dollars, and that the sum of five hundred dollars with interest at the rate of five per cent. per month from the 22d day of June, A. D. 1863, is now due him from defendant.

Plaintiff prays judgment for the amount of his claim, and a decree authorizing the sale of the fifteen hundred dollar warrant to satisfy the same.

To this complaint the defendant demurs, assigning as grounds—first, that the Court has no jurisdiction of the subject matter of said action, in this, that no action can be brought or maintained against a county upon an indebtedness of the same, but the creditor must resort to the officers of said county to have his account audited and allowed; second, the Court has no jurisdiction of the party defendant in this action, because no action can be maintained against a county upon an indebtedness of the same; third, the complaint shows upon its face that the obligation upon which the action is founded, is one which the Board of County Commissioners had no power to contract, and that they had no authority in law to issue the warrant set out in the complaint for the purpose therein alleged.

Upon this demurrer it is urged on behalf of the defendant, that this action cannot be maintained against the county, even if the debt had been properly contracted; that the proper remedy is by appeal from the decision of the County Commissioners.    The 23d section of the Act of 1861, creating Boards of County Commissioners, and defining their duties, declares that "any person may appeal from the decision of the Board of Commissioners to the next term of the District Court of the same county;" but there was no law requiring a person holding an account against a county, to present it to the Board

for allowance until the law of 1865. And whilst the section referred to may have authorized an appeal from the action of the Board of Commissioners disallowing an account, it certainly does not take away other modes of proceeding provided by statute. It is not unusual to permit several modes of proceeding to obtain the same remedy, leaving it optional with the person seeking it to select either. In this case, the mere provision that a " person *may* appeal," is not sufficient to authorize this Court in holding that the only remedy against a county is to present the account, and if it is rejected, to appeal to the District Court. It would seem more proper to hold that that course may be pursued, or any other provided by law, as persons choose.

It must be clear to all that if a certain mode of proceeding is provided by the statute, section twenty-three, giving another remedy, would not repeal or conflict with it, but both would stand together.

Is there then any law authorizing an action against a county upon an account? Section 1 of an " Act prescribing the manner of commencing or maintaining actions by or against counties," passed in 1864, provides that " actions against a county may be commenced in the District Court of the judicial district embracing said county."

Counsel for defendant contend that this law merely declares where actions against a county may be commenced, and does not authorize any action to be instituted against them, other than those which could have been maintained before the passage of the law.

Though this law is not very artificially framed, it seems to have been the intention of the Legislature to authorize the bringing of actions generally against counties.

And whatever construction this Court, untrammeled by decisions, would feel disposed to place upon it, the decisions in California upon the same law leave no opportunity for construction. It has been repeatedly held by the Courts of that State that this law gave the right to bring actions against counties. (*Gilman* v. *The County of Contra Costa*, 6 Cal. 676; 8 Cal. 52.)

It is further claimed that the Commissioners had no power

to contract the debt upon which this action is founded.   Of this there can scarcely be a doubt.   The statute expressly enumerates the powers of County Commissioners; that of borrowing money is nowhere conferred upon them; and that such officers can have no powers except those expressly granted by the Legislature, is too well established to admit of question now.   And the issuance of a county warrant as collateral security was as unauthorized as the borrowing of the five hundred dollars, and is therefore utterly void.

But it does not follow that because the Commissioners had no right to borrow money that the plaintiff cannot recover the five hundred dollars advanced for the benefit of the county.

Though the contract between Wagner and the County Commissioners was null and void, and would not authorize a recovery upon it, yet if the plaintiff shows that the five hundred dollars advanced by his assignor was expended for the benefit of the county, and in a manner authorized by law, he may recover upon a count for money had and received.   (2 Greenleaf on Evidence, sec. 117.)

The author says:   " The count for money had and received, which in its spirit and objects has been likened to a bill in equity, may in general be proved by any legal evidence, showing that the defendant has received or obtained possession of the money of the plaintiff, which in equity and good conscience he ought to pay over to the plaintiff."

This proposition is well settled and seems to cover this case. If the money loaned by Wagner was expended in the execution of an act which it is made the duty of the Commissioners to perform, and the county has received the benefit of it, it is legally bound to pay the money so appropriated to its benefit with legal interest thereon.

But nothing can be recovered which it was not shown was expended for the use and benefit of the county, and for some purpose authorized by law.   No execution can, however, be issued against the county, but the judgment, if obtained, must be presented to the Board of Commissioners as provided by the law of 1865.

Judgment of the Court below reversed, and cause remanded.

Opinion by LEWIS, C. J., full Bench concurring.

In the petition for rehearing in this case, counsel for defendant rely upon and urge the proposition that an action for money had and received cannot be maintained against a municipal corporation in a case of this kind.

This point was not made upon the argument of the case, but was fully considered by the Court in arriving at its decision, and no reasons are now advanced which we deem sufficient to change our former conclusions.

No authorities were then cited in support of the position taken by the Court on this point; but we take this opportunity of referring to the case of *Argenti* v. *The City of San Francisco*, 16 Cal. 263, which directly sustains our conclusions on all the points in the case.

Rehearing denied.