## Case No. 10,040.
### NATIONAL BANK OF WESTERN ARKANSAS v. SEBASTIAN COUNTY.
[5 Dill. 414.] [1]

Circuit Court, W. D. Arkansas. 1879.

COURTS — FEDERAL JURISDICTION — HOW DERIVED — CONSTITUTIONAL LAW — LAWS VIOLATING THE OBLIGATION OF CONTRACTS — ACTION AGAINST COUNTY.

1. The jurisdiction of the federal courts is derived from the constitution and laws of the United States, and the same cannot be enlarged, diminished, or affected by state laws. Such jurisdiction over controversies cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power.

2. The constitution of the United States prohibits the states from passing any law which impairs the obligation of contracts. The laws which exist at the time of the making of a contract, and in the place where it is made and to be performed, enter into and make part of it. The constitution embraces those laws alike which affect its validity, construction, discharge, and enforcement.

3. An act of a state legislature which provides that counties are no longer corporations— that they cannot be sued—is void as to obligations legally issued by such counties when the law of the state provided they could be sued, when set up against a party seeking a remedy upon the obligations of a county in a federal court, because the state legislature cannot take away the right of a holder of such county obligations to sue in a federal court when such right is given him by the constitution and laws of the United States, and because such a law impairs the obligation of such contracts.

[Cited in Vincent v. Lincoln County, 30 Fed. 752.]

This is an action brought by plaintiff on several county warrants issued at different times by defendant county. Suit was commenced on the 4th of January, 1879. To the complaint the defendant, by its attorney, on the 5th of May, A. D. 1879, filed an answer, setting up as a defence that since the commencement of this action, to-wit, on the 27th of February, 1879, the legislature of the state of Arkansas passed a law repealing certain sections of the general law of the state providing that the several counties thereof could sue and be sued; the law of the state, in other words, takes away the suable character of the counties. To this answer the plaintiff filed a general demurrer, alleging "that the facts set forth in said answer are not sufficient to constitute a defence to the plaintiff's cause of action;" and upon this demurrer the case was submitted to the court.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Messrs. Clendenning and Sandels, for plaintiff.

R. B. Rutherford, for defendant.

PARKER, District Judge. The plaintiff in this action had a right, at the time suit was brought, to bring its action in a district or circuit court of the United States. Sections 629, 563, Rev. St.; Kennedy v. Gibson, 8 Wall. [75 U. S.] 506; Cadle v. Tracy [Case No. 2,279].

The county, at the time of the issue by it of the several warrants in suit in this case, had a right to issue such warrants. Section 605, Gantt, Dig. And when such warrants were issued by the county they were evidences of a promise by the county to pay whoever might be the holder thereof. They were so far negotiable as to pass by delivery, and only lacked that commercial character given by the law merchant to certain kinds of commercial instruments, which, when they are received by a bona fide, innocent holder for value before they are overdue, come to him freed from any equities to be set up by the maker against them.

The bank received these warrants in the course of its business, having paid a valuable consideration for them. This it had a right to do. At the time of the issue of these warrants, when they were received by the bank, and when suit was brought upon them, the defendant, under the laws of the state, was a body corporate and politic, and, by its name, it could sue and be sued, plead and be impleaded, defend and be defended, in any court. Section 937, Gantt, Dig., provides "that each county which now exists, or which may hereafter be established, shall be a body corporate and politic." Section 938 provides that "all suits brought by or against a county shall be brought in the name of or against the county by name, and by its name it may sue and be sued, plead and be impleaded, defend and be defended." This was the law of the contract looking to the remedy at the time it was made.

On the 27th of February, 1879 [Laws 1879, p. 13], the legislature of the state passed a law, the 1st section of which provides for the repeal of certain sections of the general law of the state which gave to counties their corporate character and provided that they might be sued. Section 2 is as follows: "That hereafter all persons having demands against any county shall present the same, duly verified according to law, to the county court of such county, for allowance or rejection." * * *

The suit in this case had been brought, and was pending in the federal court, at the time this law was passed. At that time this court had obtained jurisdiction. This act was evidently passed by the legislature with the intent to take away the right of the holders of obligations issued by the several counties of the state to bring suit on them in the federal courts, although they might have this right under the constitution and laws of the United States. Can this be done? In the case of U. S. v. Drennan [Case No. 14,992], it is held that "the jurisdiction of the federal courts is derived from the constitution and laws of the United States, and cannot be enlarged, diminished, or affected by state laws." This principle is sustained by Livingston v. Jefferson [Id. 8,411]; also by the case of Mason v. Boom Co. (3 Wall. [70 U. S.] 252).

The power to contract with citizens of other states, who have a right to sue in the federal courts, or with a national bank, which has the same right, implies liability to suit by such citizens or such national bank, and no statute limitation of suability can defeat a jurisdiction given by the constitution or laws of the United States. Cowles v. Mercer County, 7 Wall. [74 U. S.] 118. I think it clear that the jurisdiction of the courts of the United States over controversies cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power. Hyde v. Stone, 20 How. [61 U. S.] 175; Suydam v. Broadnax, 14 Pet. [39 U. S.] 67; Union Bank v. Jolly's Adm'r, 18 How. [59 U. S.] 503; Payne v. Hook, 7 Wall. [74 U. S.] 425.

Now, at the time of the passage of this law the county had made its contract; its promise to pay was out; its liability on its promise was clear; the obligation of its contract was in existence. Could the state legislature do anything to impair the obligation of this contract of the county? "No state shall pass any law impairing the obligation of contracts," is the language of the supreme law of the land (article 10, § 1, Const. U. S). What is the obligation of the contract? It consists in the power and efficacy of the law which applies to and imposes performance of the contract or the payment of an equivalent for non-performance. Ogden v. Saunders, 12 Wheat. [25 U. S.] 213.

The laws which exist at the time of the making of a contract, and in the place where it is made and to be performed, enter into and make part of it. The constitution embraces those laws alike which affect its validity, construction, discharge, and enforcement. Von Hoffman v. Quincy, 4 Wall. [71 U. S.] 535; Walker v. Whitehead, 16 Wall. [83 U. S.] 314; Edwards v. Kearzey, 96 U. S. 595.

In the case of Edwards v. Kearzey, Mr. Justice Swayne says: "The obligation of a contract includes everything within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. Without it the contract, as such, in the view of the law, ceases to be, and falls into the class of 'those imperfect obligations,' as they are termed, which depend for their fulfillment upon the will and conscience of those upon whom they rest. The ideas of right and remedy are inseparable." "Want of right and want of remedy are the same

thing." 1 Bac. Abr. tit. "Actions in General," letter B. To be in conflict with the constitution, it is not necessary that the act of the legislature should import an actual destruction of the obligation of contracts. It is sufficient that the act imports an impairment of the obligation. If by the legislative act the obligation of contracts is in any degree impaired, or, what is the same thing, if the obligation is weakened or rendered less operative, the constitution is violated, and the act is so far inoperative.

It is a proposition not debatable that the legislature of the state cannot take away the right of the plaintiff to sue in a federal court, as such right is secured by a law of congress, which, with the constitution of the United States, is the supreme law of the land. The demurrer must therefore be sustained. Judgment accordingly.

See U. S. v. Lincoln County [Case No. 15,-503]; Foote v Johnson County [Id. 4,912].