Stephen W. Taylor v. The County Court of Salt Lake County.

STEPHEN W. TAYLOR, Respondent, v. THE COUNTY COURT OF SALT LAKE COUNTY, Appellant.

1. Suit Against County.—No suit can be maintained against a county, as such, in the absence of a statute authorizing counties to be sued.

2. Mandamus—When Proper Remedy.—There being no statute in this Territory allowing a county to be sued, mandamus to the County Court is the proper remedy to compel the payment of debts due from such county.

3. Judicial and Ministerial Acts.—Where a County Court acts in a judicial capacity, properly submitted to it, such action is conclusive, and cannot be controlled by mandamus; but the rule is otherwise where the court declines to do an act ministerial in its nature.

4. General Allowance—Not Sufficient When.—When a sheriff's account against a county consisted of various items, aggregating a large amount, it is the duty of the County Court to pass upon the various items, and it cannot escape this duty by allowing a gross amount upon such account, such action is too indefinite to bar a mandamus.

5. Duty of County Court to Pay County Debts.—The sheriff of a county is ex officio jailer thereof, and is required to receive and keep all prisoners properly committed to his charge, and to furnish such prisoners with necessary supplies. For this service the laws allow specified fees, and contemplate payment by the county; and if the County Court refuse to audit and allow any such charges, their action can be controlled by mandamus.

Appeal from the Third Judicial District Court.

Application in the court below for a writ of mandate directed to the County Court of Salt Lake County, commanding such court to audit and allow a certain claim of the relator against the County of Salt Lake. Petitioner had been sheriff of said county, and had charge of the county jail and the prisoners therein confined, and had fed and clothed them, while in custody, and had also incurred expenses in arresting such prisoners, and conveying them from place to place. The court below found the above facts true, and also found that plaintiff had presented his itemized account to the County Court of

said county, to be audited, allowed and paid, but payment had been refused and the claim disallowed. The total amount due and claimed by plaintiff was $627.25. At the time these proceedings were commenced there was no statute in this Territory authorizing any person to sue a county for any claim.

The other facts appear in the opinion of the court.

*Z. Snow*, for appellant.

The application for the writ does not state facts sufficient to entitle the respondent to any relief, for the reason that a mandamus is an action within the meaning of that term, as used in the Practice Act. Pr. Act, §§ 1, 39, 40, 448, 449; 1 Cal. Digest, 614, sub. 98, 99; *The People* v. *Supervisors of San Francisco*, 7 Cal. 655.

And being such action, the petition must state intelligibly facts sufficient to entitle the applicant for the writ to the relief sought, and that it is the duty of the defendant, by reason of his office, to perform the act demanded. Pr. Act, §§ 445, 446, 489.

A mandamus to a county can only command it to act; it cannot command it to act in a particular way, where the law has left with that court discretionary power.

The rejection of a claim is action upon it, which is all mandamus can require. 1 Cal. Digest, 610, sub. 17; *Price* v. *The County of Sacramento*, 6 Cal. 254.

Test the complaint in the case at bar by these rules, and we find the petition shows that the County Court has acted on the claims, has allowed a part, and disallowed a part. This shows action, which is all the mandamus can direct. But it is unintelligible, so far as relates to the claims allowed and those disallowed, in this respect it is ambiguous.

But the demurrer was overruled, and an answer was filed.

In this answer the County Court showed action affirmatively, and when and what that action was; rendering definite that which the petition left indefinite and ambiguous.

The extraordinary writ of mandamus will not lie against a

county in any case, until it has had an opportunity of acting upon the matter; besides, the County of Salt Lake is not liable for these items.

There are two sources to which the sheriff must look for pay, in cases like those mentioned in the petition as schedule 2 and 3, and referred to in the answer. They are:

*First*—The United States. *Second*—The Territory of Utah. See Act of Congress called the Poland Bill, C. L. 51; Act of Congress called the Fee Bill, C. L. S. 691; Utah Fee Bill, C. L. 679; Old Fee Bill, Utah Laws (old vol.), 71.

*Sutherland & Kimball*, for respondent.

The county cannot be sued, and therefore there is no other remedy than mandamus. Utah Code, § 446.

A county is not a person in any sense—it is not a corporation. It cannot sue or be sued, except where specially permitted by statute. *Hansaker* v. *Borden*, 5 Cal. 288, 290.

At common law an action did not lie against a county, and the law was the same in this State until the Legislature passed a special statute authorizing counties to sue and be sued. *Gilman* v. *Contra Costa County*, 8 Cal. 52–57.

In this case a sovereign is one of the contracting parties; for the government of the County of Contra Costa is a portion of the State Government, and as against a sovereign there are no remedies except such as the sovereign * * * may accord. *Sharp* v. *Contra Costa County*, 34 Cal. 290.

The same doctrine is announced in *Buck* v. *City of Lockport*, 43 How. Pr. R. 361–363; and the court says: "This rule is founded on considerations of public policy and expediency, and proceeds upon the same principle which refuses to allow an individual citizen to have a right of action against the State for claims against it, but provides for the payment of all such claims by means of official audit, appropriation act, taxation, and warrants upon the treasurer." See *Clark* v. *Lyon County*, 8 Nev. 181, 185, 186.

A judgment, when authorized to be recovered by suit, has

only the effect of converting a disputed into an audited claim. *Sharp* v. *Contra Costa County*, 34 Cal. 284, 291.

Therefore, mandamus is the proper remedy. High on Ex. L. Rem. § 232; *School District* v. *School District*, 3 Wis. 333; *People* v. *Supervisors*, 3 Mich. 475; *Buck* v. *City of Lockport*, 43 How. Pr. R. 363; *Marathan* v. *Oragon*, 8 Mich. 372; *Adriance* v. *Supervisors*, 12 How. Pr. 224; *People* v. *Supervisors*, 10 Wend. 363.

Where a duty exists * * * to pay a specific and ascertained charge, it would be unjust to both parties, debtor and creditor, to permit or require, a suit at law, when the judgment cannot be collected by execution. The township (or county) ought not to be put to the useless expense by the fault of its officers, and the creditor ought not to be put to delay, by a double pursuit. *Marathan* v. *Oragon*, 8 Mich. 372.

The County of Salt Lake is liable to the plaintiff for his demand.

Every sheriff is made jailer of the jail of his county; he is bound to take charge of all prisoners duly committed to his custody, and to furnish all necessary supplies for them. C. L. §§ 200, 201.

He is subject to the direction of the members of the County Court, in the performance of these duties. C. L. § 203.

And the County Court is required to provide compensation. C. L. § 2369.

Section 13 of the act of 1859, authorizes the payment of costs in criminal cases out of the county treasury. That act contemplates the payment by the county of all the expenses of criminal trials. Laws of Utah (1870), 74.

In this particular the act of 1874 does not effect any change, except for attendance as an officer on the District Court. Compare section 15, act 1856, with second paragraph p. 686, Compiled Laws.

BOREMAN, J., delivered the opinion of the court:

The respondent (plaintiff below) applied to the District

Court for a mandamus to compel the County Court of Salt Lake County to audit and pay his accounts as sheriff, for keeping and boarding prisoners committed to his charge as jailer, and for other services. The District Court granted the writ, and defendant appealed to this court.

There is in this Territory no statute allowing a county to be sued. Mandamus to the members of the County Court is, therefore, the proper remedy, if the accounts be a charge against the county, and the question for the County Court to act upon, be one not left to its discretion.

Where a County Court acts in a judicial capacity upon a question properly submitted to its judgment, its action is conclusive, and a mandamus will not lie. But where the law directs the court to do a ministerial act, and it declines to do it, its action in refusing to comply with the law is not conclusive, but the party aggrieved may resort to his writ of mandamus.

In the case at bar, the law requires the County Court to audit and have paid such accounts of the sheriff. This the County Court has refused to do. To escape responsibility, that court made an allowance of a gross sum upon the accounts. But such action does not relieve the members of the court from the discharge of their duty to audit and allow the various items. By allowing a gross sum upon the accounts, there is no means of ascertaining which parts of the accounts are allowed and which are refused. The action of the County Court was too indefinite to serve as a bar to this action. The course for the County Court to pursue is clear, and it is not discretionary, and the court must pursue it. Such courts, in this Territory, are simply boards of commissioners, as are common in the States. Moses on Mandamus, 125; *Kendall* v. *Stokes*, 3 How. U. S. R. 87.

The other question is as to the liability of the county to pay such charges. The laws allow the specified fees. He is jailer, and required to receive all prisoners committed to his charge by proper authority, and to furnish the prisoners with neces-

Stephen W. Taylor v. The County Court of Salt Lake County.

sary supplies.   He is a county officer, and in many respects under supervision of the members of the County Court.   The laws contemplate that the county should pay him, and the County Court is the only board of official authority to act for the county in such matters.   The County Court is required to audit and allow all charges against the county.

The findings of the court below show that the accounts of plaintiff are proper and legal charges against the county, and we are unable to see them in any other light.   The people of a county cannot elect a man to a county office, require him to give his services to the county and then refuse to pay him, especially when the law specifies what he shall do and what he shall be paid.

If the offenses took place in other counties than the one where the prisoners are confined, the sheriff does not look to such counties for his pay, but he looks alone to his own county, and that county has its claims against the county where the offenses took place.

We therefore can see no error in the action of the court below.

The judgment is affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concur.