## COUNTY OF GREENE *v.* DANIEL.

## COUNTY OF PICKENS *v.* DANIEL.

1. Where a court of county commissioners in Alabama, pursuant to the act of Dec. 31, 1868 (Pamphlet Laws of 1868, p. 514), subscribed for stock in a railroad company, and issued the bonds of the county in payment therefor, the holder of them, or of the coupons thereto attached, is not required to present them when due to that court for allowance, before commencing suit, to enforce their payment.

2. In case of non-payment, a *mandamus* will, by the laws of the State, lie against that court to compel the assessment and levy of the necessary taxes; but the holder who resorts to the courts of the United States must there reduce the bonds or the coupons to judgment, before he is entitled to that remedy.

3. The court of county commissioners may cause the bonds to be executed in such denominations as may be agreed upon by it and the railroad company, provided the total amount for which they are issued does not exceed that set forth in the proposal accepted by the vote of the qualified electors of the county.

ERROR to the Circuit Court of the United States for the Southern District of Alabama.

The first of these actions was brought by Richard C. Daniel against the county of Greene in the State of Alabama, to recover the amount of the principal and interest on certain coupon bonds numbered from 51 to 100, each for five hundred dollars, issued by the county in payment of its subscription to the stock of the Selma, Marion, and Memphis Railroad Company. The bonds are signed by the judge of the Probate Court of the county as *ex officio* presiding officer of the court of county commissioners, and are payable at the office of said company in the city of Memphis, or at its agency in the city of New York. They bear date Jan. 1, 1877, and recite that they are "issued under and pursuant to an order of the court of county commissioners of said Greene County, made under authority of the constitution of the State of Alabama and the laws of the legislature of the State of Alabama, authorized by a vote of the people of said county at a special election held for the purpose Sept. 14, 1867." The coupons are payable semi-annually on July 1 and January 1.

The county demurred to the complaint on the ground that it does not appear therefrom that the demand sued on was ever

presented to the court of commissioners, as provided by the laws of the State. The demurrer was overruled. The county then pleaded five pleas. The first avers that the bonds and coupons were given in payment of the pretended subscription by the county to the stock of said company, and that the only authority to subscribe to said stock and to issue said bonds and coupons is found in an act of the General Assembly of Alabama, approved Dec. 31, 1868, entitled " An Act to authorize the several counties and towns and cities of the State of Alabama to subscribe to the stock of such railroads throughout the State as they may consider most conducive to their respective interests ; " and that said pretended bonds and coupons being issued upon no other authority or proceedings taken by the commissioners' court of said county, are not the bonds and coupons of the said county. The second avers that the votes of the qualified electors of said county in favor of the subscription to said stock were induced and secured by certain false and fraudulent representations of the railroad company as to the expenditure of the proceeds to be derived by it from said bonds and coupons. The third, fourth, and fifth aver that the plaintiff acquired them from the company with a knowledge of the foregoing facts, and that he is therefore not a *bona fide* holder.

A demurrer to the defendant's pleas was sustained, and judgment rendered in favor of the plaintiff. The county sued out this writ of error. The material part of the proceedings of the court of county commissioners referred to in the defendant's pleas are as follows : —

" COURT OF COUNTY COMMISSIONERS, AUGUST TERM, 1869.

" THE STATE OF ALABAMA,
              " *Greene County :*

" At a regular term of the commissioners' court, begun and held in and for the county and State aforesaid, at the court-house thereof in the town of Eutaw, on Monday, the ninth day of August, 1869, . . . the following proceedings were had : . . .

" Whereas the president and directors of the Selma, Marion, and Memphis Railroad Company have this day submitted to the commissioners' court of Greene County a proposition for a county subscription by said county of eighty thousand dollars to the capital

stock of said railroad company, and made application to said court to order an election within sixty days from this date, to submit the said proposition of said railroad company to the qualified electors of said county for their acceptance or rejection in pursuance of the provisions of an act of the General Assembly of the State of Alabama, entitled 'An Act to authorize the several counties, towns, and cities of the State of Alabama to subscribe to the capital stock of such railroad through the State as they may consider most conducive to their interests,' approved Dec. 31, 1868, the said proposition being that said county shall subscribe ($80,000) eighty thousand dollars to the capital stock of said company at fifty dollars ($50) per share, to be paid in the bonds of said county, payable to said railroad company or bearer in sums of one thousand five hundred dollars each, and due ten and twenty years after date thereof, with interest coupons attached for interest on each of said bonds at the rate of eight per cent per annum, to be paid semi-annually.

"It is now therefore considered and ordered by the court that the said application be and the same is hereby granted. And it is further ordered by the court that such an election shall be held in the several precincts of said county as established by law, on Tuesday, the fourteenth day of September, 1869."

"COURT OF COUNTY COMMISSIONERS, DECEMBER TERM, 1869.

"THE STATE OF ALABAMA,
         "*Greene County:*

"At a court of county commissioners begun and held in and for Greene County aforesaid, at the court-house thereof in Eutaw, on the third Monday of December, A.D. one thousand eight hundred and sixty-nine, being the twentieth day of said month.

"Whereas an order was made by this court on the ninth day of August, 1869, by which the proposition in writing of the president and directors of the Selma, Marion, and Memphis Railroad Company, for a county subscription by the county of Greene of eighty thousand dollars to the capital stock of said railroad company, was submitted to the qualified electors of said county at an election held at the several precincts in said county on the fourteenth day of September, 1869, conducted by the same officers and in the same manner as provided by law for general elections in this State, after giving thirty days' notice thereof, as required by law; and whereas it appears to the court, from the returns of the sheriff of said county, that such election was held on the fourteenth day of September, 1869, in pursuance of the said order, and it also

appearing to the court by the returns of said election made to the judge of the probate court of said county that the said election thus held resulted in favor of the said proposition and subscription to the capital stock of said company, . . .

"It is now ordered by the court that the said proposition and the returns of the said election be received and recorded on the minutes of this court.

"And it is further ordered that the proposition of the said company be, and the same is hereby, accepted, and the said court of county commissioners are hereby authorized and do make, in the name and for the said county of Greene, the said subscription of eighty thousand dollars to the capital stock of said company in the name set forth in said proposition; and it is further ordered by said court that the bonds of the said county of Greene, in the sums of five hundred dollars each, with interest coupons attached for semi-annual interest at the rate of eight per. cent per annum, the said bonds payable to the said company or bearer at twenty years from date, and dated the first day of January, 1870, and due and payable the first-day of January, 1890, at the office of the said company, or at their office or agency in the city of New York, when presented at the office of the said company or their agency, shall be issued and delivered to the said company, signed by the probate judge of said county, and that the said coupons thereto attached of twenty dollars each shall be signed by the said judge, payable in like manner on the first day of January and July of each year from and after the date of said bonds."

The proposition referred to in the foregoing proceedings was as follows: —

"*To the Honorable the Court of County Commissioners of Greene County in the State of Alabama:*

"We, the president and a majority of the board of directors of the Selma, Marion, and Memphis Railroad Company, in pursuance of the provisions of an act of the legislature of the State of Alabama, entitled 'An Act to authorize the several counties and towns and cities of the State of Alabama to subscribe to the capital stock of such railroads throughout the State as they may consider most conducive to their respective interests,' approved Dec. 31, 1868, hereby propose to the said county of Greene, through your honorable body, under and by virtue of the said act of the legislature, to subscribe for and take eighty thousand dollars of the capital stock of said

railroad company at fifty dollars per share, to be paid in the bonds of said county, payable to the said railroad company or bearer, said bonds to be so payable in the sum of one and five hundred thousand dollars each, and due ten and twenty years after the date thereof, and bearing interest at the rate of eight per cent per annum from date till paid, with interest coupons attached for interest on each of said bonds at the rate aforesaid, which interest is to be paid semi-annually, the amount of said interest and bonds to be payable as aforesaid at such time and place as may be agreed upon between the said railroad company and the judge of probate of said county, as soon as may be after the acceptance of this proposition by the qualified electors of said county, at an election held for the purpose, under and by virtue of the provisions of the said act of the legislature of the State of Alabama.

"All of which is respectfully submitted to your honorable court for your action, and that of the qualified electors of Greene County, in the State of Alabama, thereon, and is signed by us at       in Perry County, in the State of Alabama, this the sixth day of August in the year 1869.

"Selma, Marion, & Memphis Railroad Co.,

"By N. B. Forrest, *Pres.*"

The second suit was brought by Daniel against the County of Pickens, upon coupons attached to bonds issued by it for two hundred and fifty dollars, and payable to the same company as were the bonds in the other suit. The defence was the same in both cases. In the Greene County case the proposition of the railroad company, which was made June 14, 1869, was that the county should subscribe one hundred thousand dollars to the capital stock, and issue its bonds for one thousand dollars each in payment thereof. It was accordingly submitted to the qualified voters at an election held for that purpose; Aug. 3, 1869. The vote was in favor of the subscription.

An order of the court of county commissioners, passed August 16, after reciting the result of the vote and directing the subscription to be made, contains the following: "With the consent of said company it is further ordered that fifty thousand dollars of subscription be paid for as aforesaid in bonds of the denomination of two hundred and fifty dollars each, and fifty thousand in bonds of the denomination of one thousand dollars each."

There was a judgment for the plaintiff. The county then sued out this writ of error.

The laws of Alabama bearing upon the cases are referred to in the opinion of the court.

*Mr. John T. Morgan* for the plaintiffs in error.

No counsel appeared for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The principal questions in these cases are : —

1. Whether the demurrer to the complaint should have been sustained because it was not averred specially that the coupons sued on were presented to the court of county commissioners for allowance before the suit was brought; and,

2. Whether the bonds from which the coupons were cut were void because they were not of the same denomination as those specified in the proposition of the railroad company for subscription, submitted to and voted on by the county.

As to the first question. By the Code of Alabama, sect. 826 [907], it is provided that the court of county commissioners must, in term-time, audit all claims against their respective counties ; that every claim as allowed must be registered in a book kept for that purpose, and that the judge of probate, who is made by law the principal judge of the court (Code, sect. 739 [825]), shall give the claimant a warrant on the treasury for the amount allowed. This warrant it is made the duty of the county treasurer to pay on presentation, if he has funds in the treasury to meet it. Code, sect. 3395 [920]. No claim can be passed upon or allowed by the court unless it is itemized and sworn to by the claimant, or some person in his behalf having knowledge of the facts. Code, sect. 827. All claims must be presented for allowance within twelve months after they accrue and become payable, or they will be barred, unless the claimant is a minor or lunatic. Sect. 832 [909]. "No suit can be brought against a county until the claim or demand has been presented within the time limited by sect. 832 [909] to the court of county commissioners and either disallowed or reduced by such court, and refused by the party." Code, sect. 2903 [2537].

A county in Alabama is a body corporate, capable of suing and being sued. Code, sect. 815 [897]. In *Shinbone* v. *Randolph County* (56 Ala. 183), which was a suit on coupons cut from railroad bonds, while it was held to have been definitely settled that an action at law did not lie against a county on a contract which had not been presented to the commissioners' court, and by that court disallowed in whole or in part, and that such presentment and disallowance must be averred in the complaint, it was nevertheless said : " It may be the claims on which this action is founded are not required to be presented to the commissioners' court for allowance. The statute under which the bonds were issued  . . may fix definitely their validity and amount. If that be true, — and as the case is not presented, it is not for us to determine whether it is or not, — if the commissioners' court refuses to levy a tax for their payment, *mandamus* to compel them is the appropriate remedy for appellant." p. 185. In *Commissioners' Court of Limestone County* v. *Rather* (48 id. 433), it was expressly decided that bonds issued in payment of a subscription to a railroad company, signed by a majority of the court of county commissioners in the presence of the probate judge, who certified to that fact, and for the payment of which it was made the duty of the commissioners' court to levy and assess a special tax each year, were not such claims as need be presented for allowance under this section of the code. In the opinion, the court said : " The act authorizing their issuance renders it wholly unnecessary that they should be allowed by the court of county commissioners, and they are not required to be registered as claims of a different character, nor are they to be paid by warrants on the county treasurer, but altogether in a different way." p. 446.

The bonds in the present cases were issued under the act to authorize the several counties, towns, and cities of Alabama to subscribe to the stock of railroads, passed Dec. 31, 1868. Pamph. Acts 1868, 514. This act provided (sect. 1) that railroad companies might, in writing, propose to a county that it subscribe for an amount of the capital stock of the company, to be named in the proposal, at a certain price per share, and pay for it in such bonds of the county " as should be set forth

in said proposal." This proposal or application was (sect. 2) to be submitted to the commissioners' court of the county, and that court was authorized and required to order an election within sixty days, to enable the qualified electors of the county to determine whether the proposition should be accepted or rejected. At least (sect. 4) thirty days before the election the court was required to give notice of the "terms and amount of the proposed subscription." The returns of the election were to be made to the judge of probate (sect. 5), whose duty it was to receive, count, estimate, and publish the vote. If a majority (sect. 6) was found to be in favor of the subscription, the proposition was to be deemed to have been accepted, and the court of county commissioners was required to make the subscription voted in behalf of the county for the amount set forth in the proposal, and deliver the railroad company, in payment of the subscription, bonds of the county, having not less than ten nor more than twenty years to run, with interest coupons attached for semi-annual interest, payable at such times and places as might be agreed upon between the company and the judge of probate. By sects. 7 and 8 it was made the duty of the commissioners' court to levy and see to the collection of such tax, not exceeding one per cent per annum on the taxable value of the property in the county, as should be necessary to meet the interest as it fell due; and by sect. 10 the coupons past due were receivable at par in payment of this tax.

The bonds and coupons in these cases were signed by the judge of probate of the county, as the presiding officer of the commissioners' court; and it seems to us that they are, in legal effect, themselves warrants on the treasurer, given by the judge of probate after an allowance by the court of the claim of the railroad company for the payment of the county subscription, in accordance with the terms of the accepted proposal. The claim was, to all intents and purposes, audited by the court when the bonds were issued. The validity and amount of the liability were then definitely fixed, and warrants on the treasury given, payable at a future day. The treasurer could pay them when due on presentation without further action of the court, if he had funds in his hands applicable

to that purpose. In his hands they would be good vouchers for money disbursed from that fund. The provision that the coupons should be received in payment of taxes levied to meet them is entirely inconsistent with any idea of an unliquidated claim which required further auditing.

In the State courts, under the rule as stated in *Shinbone* v. *Randolph County* (*supra*), and other cases, a *mandamus* would lie without reducing the coupons to judgment, to compel the commissioners' court to levy and collect the taxes necessary to pay what was due. The rule is different, however, in the courts of the United States, where such a writ can only be granted in aid of an existing jurisdiction. There a judgment at law on the coupons is necessary to support such a writ. The *mandamus* is in the nature of an execution to carry the judgment into effect. *Bath County* v. *Amy*, 13 Wall. 244; *Graham* v. *Norton*, 15 id. 427. A suit, therefore, to get judgment on the bonds or coupons is part of the necessary machinery which the courts of the United States must use in enforcing the claim, and the jurisdiction of those courts is not to be ousted simply because in the courts of the State a remedy may be afforded in another way.

As to the second question. Sect. 11 of the act under which the bonds were issued provides " that the bonds . . . shall be of such denomination as the court of county commissioners . . . and said railroad company may agree upon, but not to be for less than one hundred dollars, nor more than one thousand dollars."

In the proposition of the company to Greene County, it was suggested that the bonds to be issued in payment of the subscription should be "in the sum of one and five hundred thousand dollars each." In the records of the court ordering the election, the proposition, as recorded, is that the bonds be "in the sum of one thousand five hundred dollars each." The final action of the court was to issue bonds of five hundred dollars.

In the Pickens County case the proposition was that the bonds be in the sum of one thousand dollars each; but after the election, with the consent of the company, it was ordered by the court that one half the amount should be in the sum of

two hundred and fifty dollars, and the other half one thousand dollars each; and the bonds actually put out were of these denominations.

As to the Greene County case, it is apparent that there was a clerical mistake, either in the proposal or the record, as to the description of the bonds to be issued, and it is easy to see that the intention was to have bonds of a thousand dollars and five hundred dollars each; but in the Pickens County case the proposition was distinctly that they should be for one thousand dollars. This, however, we consider unimportant, for sect. 11 expressly provides for bonds of such denomination as the commissioners' court and the company should agree on. From this it is clear that the parties were not bound in this particular by the sums specified in the proposal. They were limited by the proposition as accepted in respect to the total amount of the issue, but not the denomination. The bonds as issued were of such denominations as the law allowed the court and the company to agree on, and that, in our opinion, is enough.

The only other assignments of error relate to the sufficiency of the second and third pleas. As to these, it is sufficient to say that we are entirely satisfied with the rulings below. Bonds issued under the authority of a popular election cannot be set aside simply because all that may have been said by interested parties, in public speeches during the canvass which preceded the election, does not turn out to be in every respect true.

*Judgment in each case affirmed.*