## VINCENT v. LINCOLN COUNTY.

### (Circuit Court, D. Nevada. June 18, 1894.)

#### No. 577.

1. COUNTIES—PRESENTATION AND ALLOWANCE OF CLAIMS—JUDGMENT ON BONDS PAYABLE FROM SPECIAL FUND.

Where the statute authorizing the issuance of bonds provides for their payment by levying a special tax and creating a special fund, the allowance by the county board and audit of a claim on a judgment on such bonds, as payable out of the general fund, is not an allowance in the manner and to the extent to which the holder is entitled, and he is not precluded from maintaining an action on the judgment because another remedy is prescribed by statute to enforce payment of claims allowed and audited.

2. SAME.

Gen. St. Nev. §§ 1950, 1964–1966, requiring presentation of claims and accounts to the county commissioners and county auditor for allowance and approval, apply only to unliquidated claims and accounts, not to bonds and coupons, nor to a judgment upon bonds and coupons; and such presentation is not necessary before an action on such a judgment.

This was an action by C. D. Vincent against Lincoln county on a judgment against the county. The case was submitted to the court on an agreed statement of facts, and a jury was waived.

Freeman & Bates, for plaintiff.
Trenmor Coffin and Geo. S. Sawyer, for defendant.

HAWLEY, District Judge (orally). This is an action brought upon a judgment obtained in this court by the plaintiff against the defendant on the 8th of November, 1888. The judgment and the indebtedness evidenced thereby were founded and based upon certain bonds and coupons issued under and pursuant to an act of the legislature of this state entitled "An act to consolidate and fund the indebtedness of Lincoln county," approved February 17, 1873 (St. Nev. 1873, p. 54). The constitutionality of this act was sustained by the supreme court of Nevada in Bank v. Quillen, 11 Nev. 109. The jurisdiction of this court was upheld in Vincent v. Lincoln County, 30 Fed. 749; and the judgment rendered by this court was sustained by the supreme court of the United States in Lincoln Co.

v. Luning, 133 U. S. 529, 10 Sup. Ct. 363. No part of the judgment, either of the principal or the interest due thereon, has been paid.

This case was tried before the court, a jury having been waived, upon an agreed statement of facts, as follows:

"It is hereby stipulated in this action that on September 1, 1893, the plaintiff filed in the office of the clerk of the board of county commissioners of Lincoln county, Nevada, his verified claim and demand against said county upon the judgment mentioned in the complaint, and that a copy of said judgment was attached to said claim when so filed. That on September 4, 1893, at its regular monthly meeting, the action of said board taken in regard to said claim and entered on the minutes and record of said board was in words and figures following, to wit: 'The demands of Chas. Sutro, C. D. Vincent, and Luning Co. for the payment of the principal, interest, and accrued costs on judgments on the bonds held by them against Lincoln county was taken up 'and read. Moved and seconded that the above demands be laid over for one month. Carried.' That on the 2d day of October, 1893, at its regular monthly meeting, the action of said board taken in regard to said claim and entered on its record and minutes was in words and figures following, to wit: 'Moved and seconded that the judgment on bonds held by C. D. Vincent against Lincoln county for the sum of $117,263.34 be allowed and audited. Carried. Ordered that the clerk write Luning and Co., Chas. Sutro, and C. D. Vincent that their demands were allowed and audited and ready for liquidation.' That the foregoing are the only proceedings taken by said board in regard to allowing said claim. That thereafter, on the 6th day of November, 1893, the county auditor of said Lincoln county did, under direction of said board, audit said claim for the sum of $117,263.34, and made the same payable out of the general fund in the county treasury of said Lincoln county. That on September 1, 1893, and continuously thereafter, to the commencement of this action, the total amount of money in the county treasury of said Lincoln county did not exceed the sum of $8,807.90, and the total amount of money in the general fund in said treasury did not exceed the sum of $183.45. That said Lincoln county now is, and for many years last past has been, greatly indebted (in addition to and prior to plaintiff's claim), which indebtedness was, when plaintiff's claim was presented as aforesaid, and still is, represented by unpaid certificates of indebtedness drawn on the general fund, in an amount approximating $31,443.69. That all certificates of indebtedness drawn on said general fund in said county treasury since the year 1880 are outstanding and unpaid for want of funds to pay the same. That the revenues of said Lincoln county for county purposes for the last five years have not exceeded in any one year the sum of $22,114.06, all of which has been yearly consumed and expended in the yearly current and necessary expenses of running the county government of Lincoln county, exclusive of said claims and said certificates of indebtedness against said general fund. That the total value of all taxable property in Lincoln county for purposes of county taxation and revenue, according to the last assessment, is $576,349.10. The total assessed valuation of all taxable property in Lincoln county for the purposes of county taxation and revenue for the past five years has been as follows: For the fiscal year of 1893, $576,349.10; for the fiscal year of 1892, $450,863.10; for the fiscal year of 1891, $415,926.52; for the fiscal year of 1890, $343,209.12; for the fiscal year of 1889, $313,426.25."

The complaint in this case was filed October 9, 1893. The contention of defendant is that, as shown by the stipulated facts, the claim of plaintiff was allowed by the board of county commissioners, and audited by the county auditor of Lincoln county, before this action was commenced; that plaintiff is pursuing a wrong remedy; that he must follow the course prescribed by the statutes of this state (Gen. St. Nev. §§ 1949-1951); that he cannot maintain any action in this court upon the judgment unless the board of county commissioners have refused to allow the claim, or some part there-

of (Id. §§ 1964-1966); that if the board, without justification, refuse to allow a claim based upon a judgment regularly obtained against the county, the proper and only remedy is by mandamus to compel the board to allow the claim. In support of this contention, defendant cites and relies upon the following authorities: Alden v. County of Alameda, 43 Cal. 270; Rhoda v. Alameda Co., 52 Cal. 350; McFarland v. McCowen, 98 Cal. 329, 33 Pac. 113; Bank v. Quillen, supra; State v. Board of County Com'rs of Lander Co. (Nev.) 35 Pac. 300.

If it was necessary to present the claim to the board before bringing this action, it is apparent that the board did not allow the same to the full extent that plaintiff was entitled to. When the claim was presented, it included the full amount due upon the principal and interest. Action on the claim was, however, laid over for one month; and, when the claim was allowed, it did not include the accruing interest for that month. This was doubtless a mere inadvertence upon the part of the board, as it allowed the claim just as it was presented. But, independent of that fact, it affirmatively appears that the board did not allow the claim in the manner and to the extent that plaintiff was entitled to, because the allowance was qualified by directing the payment of the claim out of the general fund of the county. This was a limitation of the rights and remedies to which plaintiff is entitled under and by virtue of the statute authorizing the issuance of the bonds and interest-bearing coupons, and providing for their payment by the levying of a special tax, and creating a special fund, etc. St. Nev. 1873, p. 54. The judgment originally obtained in this case, and upon which this action is brought, is conclusive that the bonds and coupons upon which the judgment was rendered were binding obligations, which entitled plaintiff to payment of the same out of the funds created by law for that purpose, or out of any fund that could be lawfully created for the payment of the same. And it is not within the power of the board to limit this right so as to deprive plaintiff of the remedy to which he is entitled under the law Ralls Co. Ct. v. U. S., 105 U. S. 733, and note; Lincoln Co. Ct. v. U. S., Id. 739, note.

But there is another view of this case which furnishes a conclusive answer to the contention of defendant, and renders it unnecessary to review the authorities cited in its behalf. The questions presented are virtually settled by the decision of the supreme court of the United States in Lincoln Co. v. Luning, where the court, in answering a similar contention, said:

"It is further objected that the complaint was defective in not showing that the bonds and coupons had been presented to the county commissioners and county auditor for allowance and approval, as provided by sections 1950 and 1964-1966 of the General Statutes of the state. Those sections, referring to claims and accounts, have application only to unliquidated claims and accounts, and do not apply to bonds and coupons. This question was presented in the case of County of Greene v. Daniel, 102 U. S. 187. 194, in which the court observed, speaking of bonds and coupons, that 'the claim was, to all intents and purposes, audited by the court when the bonds were issued. The validity and amount of the liability were then definitely fixed, and warrants on the treasury given, payable at a future day.'"

I am of opinion that this principle is as applicable to an action on the judgment as to the action upon the bonds and coupons, which resulted in obtaining the judgment. It was not therefore necessary for the plaintiff to present his claim to the board, or await its action thereon, in order to maintain this action.

The clerk will enter judgment in favor of plaintiff, as prayed for in his complaint.