## LORSBACH v. LINCOLN COUNTY, NEV.

(Circuit Court, D. Nevada. June 10, 1899.)

### No. 656.

MUNICIPAL CORPORATIONS — ACTIONS ON BONDS — NECESSITY OF PRESENTING CLAIMS.

The statute of Nevada requiring claims against counties to be presented to the proper officers for allowance and approval before suit brought thereon does not apply to bonds and coupons issued by the county, such claims being for all practical purposes audited when the bonds were issued; nor to judgments rendered on such bonds and coupons.

This was an action on a judgment recovered against the defendant county, based on its bonds and coupons.

Henry Mayenbaum, for plaintiff.
T. R. McNamee and A. J. McGowan, for defendant.

HAWLEY, District Judge (orally). This action was brought March 16, 1898, upon a judgment obtained in this court on March 21, 1892, in favor of plaintiff against defendant for $17,100, the principal of certain bonds, and $24,320 interest,—making a total of $41,420,— with interest on the principal sum at the rate of 10 per cent. per annum, and costs of suit, taxed at $652.70. This judgment was obtained and based upon certain bonds and coupons issued under and pursuant to an act of the legislature of the state of Nevada entitled "An act to consolidate and fund the indebtedness of Lincoln county," approved February 17, 1873. St. Nev. 1873, p. 54. The complaint avers that the plaintiff presented his verified claim and demand against defendant for the allowance, auditing, and payment of the amount due on said judgment, and, among other things, alleges that no part of said judgment has been paid, and that said judgment is final, valid, subsisting, and remains in full force. The answer only "denies that prior to the commencement of this action, to wit, on or about the first Monday in March, 1898, or at any other time, the said plaintiff filed with or presented to this defendant, or the board of county commissioners of said defendant, or the county auditor of said defendant, or either or any of them, his verified claim and demand against said defendant for the allowance, auditing, and payment of the amount set forth in plaintiff's complaint, to wit, $52,-

047.70, or any other amount or sum whatsoever, or at all"; thus admitting the truth of all other averments in the complaint. Conceding that this denial is true, it does not constitute any defense to this action. The averment in the complaint upon this point was wholly immaterial. In Vincent v. Lincoln Co., 62 Fed. 705, which is "on all fours" with this case, following the principles announced in Lincoln Co. v. Luning, 133 U. S. 529, 532, 10 Sup. Ct. 363, it was expressly held that the statutes of Nevada requiring presentation of claims and accounts to the county commissioners and county auditor for allowance and approval only applied to unliquidated claims and accounts, and did not have any application to bonds and coupons, because the claim was, to all intents and purposes, audited by the proper officers when the bonds and coupons were issued, and that this principle is as applicable to an action on the judgment as to the original action upon the bonds and coupons. It necessarily follows that the answer of the defendant in the present case presents no issue for trial, because, if true, it constitutes no defense to the action. The plaintiff, upon the pleadings, is entitled to a judgment as prayed for in the complaint. Let such judgment be entered.