## NATIONAL BANK OF COMMERCE OF GUTHRIE v. LEE et al.

No. 1278.   Opinion Filed January 9, 1912.

Rehearing Denied October 1, 1912.

(126 Pac. 782.)

1.  COUNTIES—Indebtedness—Warrant.   One of a series of ten warrants or certificates in the following form:

"Number 2.                                    Dollars.
                                               "$9,540.00.
                    "Oklahoma Territory.
                              "Mangum, Okla., July 21, 1905.
"To the County Treasurer of Greer County, Oklahoma:

"On the first day of July, 1907, pay to the order of L. F. Lee and A. O. Campbell nine thousand, five hundred and forty ($9,540.00) dollars, without interest, to be paid out of and charged to the levy for the court fund.

"This certificate evidences moneys due and payable at the date named therein for the erection of a courthouse for Greer county, Oklahoma Territory, 'on the rental plan,' under and by virtue of section two (2), article eight (8), chapter thirty-two (32) of Sess. Laws 1897 of Oklahoma Territory, and is for the payment of rents for a courthouse for said county for the year beginning July 1, 1907, and ending July 1, 1908, and is evidence of the sum that shall become due for such yearly rentals as provided by a certain contract in writing of even date herewith and is expressly subject to all the conditions of said contract.

"This certificate not to be registered.   J. J. Adams, Pro tem. Chairman Board of Commissioners, Greer County, Oklahoma Territory.

"Attest:  Floyd McNeill, County Clerk.  [Seal.]"

Indorsed on back as follows:  "Lee & Campbell, L. F. Lee and A. O. Campbell"—attached to a rental contract, is payable, upon presentment to the county treasurer, without further auditing or demand, provided the terms of the contract therein described have been complied with, which is a judicial question.

2.  GUARANTY — Distinguished From Other Transaction — Assignment.  Where such warrant is assigned to a bank by a partnership,

composed of the individuals named on its face, which at the time of the assignment is admitted to be the owner and holder thereof, it will be presumed that the names of the individuals written across the back thereof were placed there for the purpose of assigning the warrant to the partnership, and that the name of the partnership was signed for the purpose of assigning it to the bank and not for the purpose of guaranteeing its payment.

(Syllabus by the Court.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by the National Bank of Commerce of Guthrie against L. F. Lee and another, copartners doing business as Lee & Campbell, and the Board of County Commissioners of the County of Greer. Judgment for defendants, and plaintiff brings error. Reversed in part, and modified in part.

*Devereux & Hildreth,* for plaintiff in error.

*H. D. Henry,* Co. Atty., for defendants in error Board of Com'rs of Greer County.

*Shartel, Keaton & Wells,* for defendants in error Lee and another.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, to recover a certain amount, alleged to be due plaintiff on a warrant issued by the board of county commissioners of Greer county, to apply on the construction of a courthouse on the rental plan. The instrument sued upon was one of ten of like tenor, which the contractors, L. F. Lee and A. O. Campbell, sold and assigned to the plaintiff, and is in words and figures as follows:

"Number 2.                                    Dollars.
                                              "$9,540.00
                  "Oklahoma Territory.
                        "Mangum, Okla., July 21, 1905.
"To the County Treasurer of Greer County, Oklahoma:
      "On the first day of July, 1907, pay to the order of L. F. Lee and A. O. Campbell, nine thousand, five hundred and forty ($9,540.00) dollars, without interest, to be paid out of and charged to the levy for the court fund.

"This certificate evidences moneys due and payable at the date named therein for the erection of a courthouse for Greer county, Oklahoma, 'on the rental plan,' under and by virtue of section two (2), article eight (8), chapter thirty-two (32), of Sess. Laws 1897 of Oklahoma Territory, and is for the payment of rents for a courthouse for said county for the year beginning July 1, 1907, and ending July 1, 1908, and is evidence of the sum that shall become due for such yearly rentals as provided by a certain contract in writing of even date herewith and is expressly subject to all the conditions of said contract.

"This certificate not to be registered.    J. J. Adams, *Pro tem.* Chairman Board of Commissioners, Greer County, Oklahoma Territory.

"Attest:    Floyd McNeill, County Clerk.    [Seal.]"

Indorsed on back as follows:- "Lee & Campbell, L. F. Lee and A. O. Campbell."

On the 1st day of July, 1907, the date when said certificate, upon its face, appeared to be due, it was presented for payment to the treasurer of Greer county, who refused to pay the same; and on the 5th day of the same month it was again presented to said treasurer and payment again refused, whereupon it was protested for nonpayment. A copy of the warrant and of the contract therein mentioned and the notary's certificate of protest were attached to the petition of the plaintiff and made part thereof. It was alleged that defendants Lee & Campbell, L. F. Lee and A. O. Campbell, individually, were liable upon the certificate as guarantors; that they had notice of the nonpayment of said certificate and said protest thereof, but upon demand failed and refused to pay the same. The defendant the board of county commissioners filed a demurrer to the petition, which was sustained as to it, and the cause came on to be heard upon the answer of the other defendants, which practically admitted the allegations in the plaintiff's petition in relation to the issuance of the certificate, its assignment, etc., and further alleged, in substance, that said' defendants indorsed said certificate to said plaintiff, but did so under a written and verbal contract therewith, providing that by doing so they should not be liable to plaintiff thereon as an indorser, but that such indorsement should only vest the title to the said certificate and

subrogate it to the rights of these defendants. A copy of the contract mentioned in the answer was attached thereto and made a part thereof. The evidence introduced by the plaintiff consisted of the certificate, with its indorsements, the contract, and the protest attached to its petition. A demurrer to its evidence was sustained; whereupon a judgment for costs was entered for the defendants, to reverse which this proceeding in error was commenced.

It seems that the demurrer to the petition was sustained upon the ground that as the plaintiff failed to present its certificate or warrant to the board of county commissioners and have it audited by them, and a warrant issued in its place, the county treasurer would not be authorized to pay the claim. This, we think, was error. The warrant sued upon is signed by the chairman of the board of county commissioners, attested by the clerk, and sealed with the county seal and directed to the treasurer, and is couched in language directing the treasurer to pay the same on the 1st day of July, 1907. Upon its face it bears the imprint of a warrant, and we see no reason for according it any other status. That the issuance of another warrant was not contemplated by the board, or the contractors, is clearly apparent from section 7 of the contract, which reads as follows:

"The said second party hereby agrees and contracts by and with the first parties to rent and lease said courthouse of and from the said first parties when so completed for a period of ten years from the date of said completion, and do hereby agree to pay first parties for the use and occupancy of said building for a period, or to their order in all the sum of $95,400.00 to be paid in ten annual installments or payments of $9,540.00 each, for the full period of ten years, each of said annual payments evidenced by ten separate certificates or coupons for the sum of $9,540.00 each, made, executed and delivered of even date herewith by the party of the second part and payable to the said first parties, or their order, at the office of the treasurer of Greer county, territory of Oklahoma, the first of said certificates or coupons due and payable on the first day of July, 1906, and thereafter and on each and every succeeding year a like certificate until the whole number thereof shall be fully paid and discharged. Said certificates or coupons are drawn on

the court fund of said county and are expressly subject to all the conditions of this contract, and payable each as detachable parts of this contract whenever any annual installment represented by the same shall become due and payable under the provisions of said contract, but said separate coupons shall be of no greater force or effect than this contract. The sole purpose thereof is to enable the holder of this contract to present by himself or his order each and any of said certificates or coupons for payment when the rent moneys, as thereby evidenced, shall become due and payable under the provisions of this contract, which shall be paid upon presentment when due, without the holder thereof presenting this contract; and the said second party agrees, that to meet said payments herein provided for, the board of county commissioners of said county, acting for the county, shall each year during the life of this rental contract make an additional levy for the court fund on all property in Greer county, territory of Oklahoma, subject to taxation in such sum as will pay the annual rentals including the delinquencies that may at any time exist, but in no event to exceed the rate of levy provided by law. The proceeds of such levy to be by the county treasurer of said county applied to the payment of the rental of said building, it being understood that the revenues to be derived from the additional court levy to be made from year to year as above set forth are specifically set aside for the payment of the annual rental payments provided for under this contract and evidenced by said certificates or coupons and for the faithful application of which said revenues from year to year as said tax is levied and said annual rentals become due and payable, the said second party acknowledges itself firmly bound by these presents to said first parties."

Moreover, the payment of the warrant or certificate was not refused upon the ground that the same was not presented to the board of county commissioners, but, as shown by a copy of the protest attached to plaintiff's petition, upon the ground that the amount of said warrant was "not due under the contract." This is purely a judicial question; and, as the petition shows upon its face that the warrant was due, if there were any extrinsic facts available to show that it was not, they must be set up by way of answer. The case at bar belongs to the same class as *County of Greene v. Daniel,* 102 U. S. 187, 26 L. Ed. 99; *Lincoln County v. Luning,* 133 U. S. 529, 10 Sup. Ct. 363, 33 L. Ed. 766; *Chicot County v. Sherwood,* 148 U. S. 529, 13

Sup. Ct. 695, 37 L. Ed. 546; *Clapp v. Cedar County,* 5 Iowa, 15, 68 Am. Dec. 678; *Vincent v. Lincoln County* (C. C.) 62 Fed. 705; *Waitz v. Ormsby County,* 1 Nev. 370. The syllabus to *Vincent v. Lincoln County, supra,* is as follows:

"Gen St. Nev. secs. 1950, 1964-1966, requiring presentation of claims and accounts to the county commissioners and county auditor for allowance and approval, apply only to unliquidated claims and accounts, not to bonds and coupons, nor to a judgment upon bonds and coupons; and such presentation is not necessary before an action on such a judgment."

Discussing the propositions involved in the opinion, Mr. District Judge Hawley said:

"The questions presented are virtually settled by the decision of the Supreme Court of the United States, in *Lincoln Co. v. Luning [supra],* where the court, in answering a similar contention, said: 'It is further objected that the complaint was defective in not showing that the bonds and coupons had been presented to the county commissioners and county auditor for allowance and approval, as provided by sections 1950 and 1964-1966 of the General Statutes of the state. Those sections, referring to claims and accounts, have application only to unliquidated claims and accounts, and do not apply to bonds and coupons. This question was presented in the case of *County of Greene v. Daniel,* 102 U. S. 187, 194 [26 L. Ed. 99], in which the court observed, speaking of bonds and coupons, that "the claim was, to all intents and purposes, audited by the court when the bonds were issued. The validity and amount of the liability were then definitely fixed, and warrants on the treasury given, payable at a future day." ' "

On the second proposition, counsel for plaintiff in error contended that, inasmuch as the warrant or certificate was made payable to L. F. Lee and A. O. Campbell, and the same was indorsed by L. F. Lee and A. O. Campbell individually, and by Lee & Campbell, a partnership, the indorsement of Lee & Campbell, as a partnership, must be presumed to have been made for the purpose of guaranteeing the payment of the warrant. The authorities they cite in support of their contention belong to the class of *Rogers v. Shulenburg et al.,* 111 Cal. 281, 43 Pac. 899, wherein it is held:

"A third person who writes his name on the back of a non-negotiable note becomes a guarantor thereof, whether the in-

·dorsement is made before or after delivery; and, under the Codes, it is not necessary that the consideration of the guaranty be ·expressed in writing in either case."

We do not believe the case at bar belongs to that class of cases. The record shows that the warrant or certificate was is-sued to L. F. Lee and A. O. Campbell individually; but the petition of plaintiff alleges that at the time of the assignment there·of it belonged to Lee & Campbell, a partnership, and the ·contract in relation to its assignment was between Lee & Campbell, a partnership, and the plaintiff. Even if we should hold Lee & Campbell, a partnership, to be a third person, within the meaning of the California case heretofore cited, under the facts ·of this case the natural presumption would be that the indorsement of L. F. Lee and A. O. Campbell, as individuals, was for the purpose of transferring the title to Lee & Campbell, a partnership; and that the indorsement as a partnership was for the purpose of transferring the title to the plaintiff. From that viewpoint the case is governed by *Pattee Plow Co. v. Beard,* 27 Okla. 239, 110 Pac. 752, Ann. Cas. 1912B, 704, wherein it is held:

"The payee of a nonnegotiable instrument who writes his name across the back thereof and sells and delivers the same ·does not thereby render himself liable to the assignee on such note, either as an indorser or guarantor."

It follows that the judgment of the court below must be reversed in part and modified in part. As to the board of county ·commissioners, the cause is reversed and remanded, with directions to overrule its demurrer and permit it to plead further, if it so desires. As to Lee & Campbell and L. F. Lee and A. O. Campbell, it must be rendered in accordance with this opinion, unless other facts develop which take it out of the rule herein laid down.

TURNER, C. J., and HAYES, J., concur; WILLIAMS and DUNN, JJ., absent, and not participating.