REQUESTED BY: Jack H. Myers, Kimball County Attorney.
Where the low bids for contemplated hospital improvements exceed the amount of the bonds authorized by the voters and sold, may the funds be utilized for partial improvements or must the bond indebtedness be retired?
Under the facts you present here, improvements may be made to the extent possible from the available monies.
At a special election the voters of Kimball County, Nebraska approved the issuance of $985,000 of hospital improvement bonds which were sold and the improvements let for contract.
After the opening of the bids it was discovered that the lowest bid exceeded the $985,000 in available bond issue money by approximately $600,000. Thereafter, another special election was held, the purpose of which was to submit to the voters the question of the further issuance of an additional $600,000 in hospital improvement bonds in order that the total project might be completed. At this second special election the voters rejected the issuance of the necessary additional $600,000 in bonds.
The question then becomes whether or not the Kimball County Hospital Board may utilize the $985,000 which was approved and sold pursuant to the first special election even though the full improvements initially contemplated cannot now be accomplished.
The language of the first special election ballot presenting the question of the issuance of $985,000 bonds read as is pertinent here:
 "Shall the County of Kimball in the State of Nebraska, construct improvements and additions to the hospital owned and operated by the County and purchase suitable equipment for the same. . ."
This language is extremely broad and specifies no particular improvements nor the purchase of any particular equipment.
We are aware of no decisions of the Nebraska Supreme Court which would be controlling on the question you raise. However, the following is set forth as a statement of general law applicable to municipalities and to the proceeds of bonds issued by them:
 ". . . The municipality is bound to see that the fund is applied to the purposes for which it was created; but that, in general, is the extent of its obligation and it is not bound to complete the entire improvement for which the bonds were authorized; . . ." 64 C.J.S.,
Municipal Corporations § 1934, p. 565.
You have also called to our attention the fact that the publicity surrounding the initial vote on the question of these hospital improvements did set forth the particulars of the contemplated improvements. In this regard, our Nebraska Supreme Court stated in Inslee, et al. v. City ofBridgeport, et al., 153 Neb. 559, 45 N.W.2d 590 (1951):
 "`Bonds issued under the authority of a popular election cannot be set aside simply because all that may have been said by interested parties, in public speeches during the canvass which preceded the election, does not turn out to be in every respect true.' County of Greene v. Daniel, 102 U.S. 187, 26 L.Ed. 99."
Additionally, as a matter of general law, the issuance of bonds pursuant to an election may and must be in conformity with the terms and additions of the submission without regard to extraneous representations or arguments made to the voters. 64 C.J.S., Municipal Corporations § 1929, p. 550.
Therefore, in light of the extremely broad language of the ballot, and in spite of any representations to the voters by proponents and opponents at the time of the election, we believe the Kimball County Hospital Board may utilize these monies for improvements to the maximum extent possible.